Phyllis R. DELF, Plaintiff-Respondent,

v.

Cliff CARTWRIGHT, a/k/a Clifton Cartwright, Defendant.

In the Matter of Clifta C. CARTWRIGHT, Petitioner-Appellant,

and

The Drivers License Bureau of the Missouri Department of Revenue, Respondent-Respondent.

No. 45897.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

---

Ernest L. Keathley, Jr., St. Louis, for appellant.

Robert R. Sandcork, Clayton, for respondent.

CRIST, Judge.

Trial court overruled appellant's motion to set aside the suspension of her driver's license. We affirm for failure to file a complete record on appeal.

Appellant did not file a transcript but submitted a legal file which showed the following. On February 13, 1980, Phyllis R. Delf filed suit for auto damages against Cliff Cartwright a/k/a Clifton Cartwright, 3139 Arsenal, St. Louis, Missouri 63118. On July 29, 1980, the deputy sheriff served process on Cliff Cartwright by substituted service on Brad Cartwright, son, 3139 Arsenal, St. Louis, Missouri. A default judgment was rendered against Cliff Cartwright a/k/a Clifton Cartwright in the amount of $739.40 and costs on October 28, 1980.

Thereafter the judgment was certified to the Missouri Safety Responsibility Unit. On February 18, 1981, the Department of Revenue mailed a notice to appellant, Clifta C. Cartwright, 3139 Arsenal, St. Louis, Missouri 63118, directing her to return her license to the Drivers License Bureau for failure to satisfy the court judgment. She then filed a petition to set aside the suspension of her driver's license. On September 18, 1981, she filed an affidavit stating: she was a woman living at 3139 Arsenal; since 1973 no one named Cliff or Clifton Cartwright had been at that address; and she had neither been named as defendant nor personally served in the action between Phyllis R. Delf and Cliff Cartwright. The record does not show whether this affidavit was introduced into evidence or what consideration the judge accorded it. On April 23, 1982, appellant's motion was heard and overruled. It is from this judgment that Clifta C. Cartwright appeals.

On appeal, the judgment of the trial court is presumed to be correct. *Cloyd*

v. *Cloyd,* 564 S.W.2d 337, 342 (Mo.App. 1978). "The existence of every fact essential for the court to have rendered a valid decree is presumed, ... with the burden on the party contesting the judgment to overcome such presumptions." *Id.* To carry this burden, appellant must demonstrate the error of the trial court's judgment. It is appellant's responsibility to file the transcript and to prepare a legal file so that the record on appeal contains all the evidence necessary for determination of questions presented to the appellate court for decision. Rule 81.12. Where no transcript is filed, evidentiary omissions will be taken as favorable to the trial court and unfavorable to the appellant. *First Bank & Trust Co. v. Montgomery,* 570 S.W.2d 346, 348 (Mo.App. 1978).

■ Where, as here, no transcript was filed and there is no showing that anything was introduced into evidence, nothing is preserved for review. *Stewart v. Rowland Surveying Co., Inc.,* 636 S.W.2d 387, 388 (Mo.App.1982). Appellant cannot charge the trial court with error on an issue which died for complete lack of exhibits, evidence or testimony.

■ Even if the facts stated in appellant's affidavit may be considered as evidence, the trial court did not have to believe such facts. Rule 55.28; *Cloyd v. Cloyd,* 564 S.W.2d at 343. The trial court, acting as trier of fact, may disbelieve the in-court testimony of any witness, and an affidavit may be similarly treated. *Cloyd,* 564 S.W.2d at 343. Therefore, even if appellant's affidavit was in evidence, reversal is not required.

Since there was no evidentiary support for appellant's motion and no showing on what basis the trial court reached its decision, the judgment must be affirmed.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.