Gregory Peter **HENNING**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. 57409.

Missouri Court of Appeals,
Eastern District,
Division One.

June 5, 1990.

William L. Webster, Atty. Gen., Sandra A. Mears, Jatha B. Sadowski, Sp. Asst. Attys. Gen., Jefferson City, for appellant.

Loyd R. Brinkman, Jr., Arnold, for respondent.

**514**

CRIST, Judge.

The Director of Revenue (Director) appeals the trial court's ruling that respondent's (Driver's) license was improperly revoked for failing to submit to a chemical test. We affirm.

Driver was arrested on February 14, 1989, and allegedly failed to submit to a chemical test. His one-year revocation was to become effective May 5, 1989. However, Driver filed his Petition for Review on May 1, 1989, in Jefferson County, Missouri.

On May 9, 1989, the trial court issued a temporary order staying the revocation until Driver had a hearing on the matter. Following Driver's September 7, 1989 hearing, the trial court ordered the revocation stricken from the Department of Revenue's records.

On appeal, the Director claims driver did not file his petition for review within thirty days of receiving notice that his license was to be revoked. Therefore, the trial court lacked subject matter jurisdiction. §§ 577.041.2 and 302.311, RSMo 1986; *Romans v. Director of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990); *Palazzolo v. Director of Revenue*, 760 S.W.2d 190, 191 (Mo.App.1988).

In its brief, Director states "[s]ubject matter jurisdiction is an essential requirement for the trial court to have authority to proceed...." However, Director has failed to comply with an "essential requirement" under Rule 81.12 for this court to proceed; namely, the filing of a transcript and the preparation of a legal file containing all the evidence necessary for determining the question presented. *Delf v. Cartwright*, 651 S.W.2d 622, 624[4] (Mo.App.1983).

No transcript of the trial court's hearing has been filed. Nothing in the legal file even mentions when or if Driver received a notice of revocation from the Director. No exhibits have been filed in this court. The trial court did not issue findings of fact and conclusions of law. We have no way of knowing what, if any, evidence or testimony was adduced below. Therefore, any evidentiary omissions will be presumed to support the trial court's decision and against the Director. *Delf* at 624[3].

In its brief, the Director claims notice was mailed on March 23, 1989. Rather than providing a page reference to the legal file, as required by Rule 84.04(h), the Director cites the brief's appendix. Therein is attached a copy of the notice allegedly sent to Driver and an affidavit of authenticity dated nearly three weeks after the trial.

Exhibits not offered at trial and affidavits created after the fact are not properly part of the record on appeal. *State ex rel. Freeze v. City of Cape Girardeau*, 523 S.W.2d 123, 127[5, 6] (Mo.App.1975). As far as our review is concerned, these documents do not exist. *Eaton v. Eaton*, 637 S.W.2d 799, 800[2] (Mo.App.1982).

"Appellant cannot charge the trial court with error on an issue which died for complete lack of exhibits, evidence or testimony." *Delf* at 624. A review of the spartan record on appeal reveals nothing has been preserved for review.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.