Lloyd Alan PHELPS, Plaintiff–Appellant,

v.

Rita Fay RUNIONS, Defendant–Respondent.

No. 16785.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 11, 1990.

Motion for Rehearing or Transfer Denied Nov. 2, 1990.

---

Wayne Gifford, Waynesville, for appellant.

No appearance, for respondent.

PARRISH, Presiding Judge.

This is an appeal from a case in which appellant sought to modify a prior child custody decree. Appellant asserts that the trial court erroneously determined that Missouri lacked jurisdiction over the minor children of the parties by reason of the Uniform Child Custody Jurisdiction Act as adopted in Missouri. §§ 452.440—.550.[1] This court affirms.

Respondent previously filed her motion to dismiss this appeal alleging that no cause of action was stated by appellant's motion to modify filed with the trial court and that the state of Missouri does not have jurisdiction in this matter. No suggestions in support of that motion were filed nor was any authority otherwise cited for those propositions. The motion is not well-taken. It is denied.

Appellant asserts, by his brief, that respondent previously resided in Pulaski County during which time she had custody of the minor children of the parties. Appellant contends that, during the time respondent resided in Pulaski County, "the Circuit Court of Pulaski County entered an order modifying a foreign decree" whereby appellant was granted specific visitation rights with those children. He claims that respondent later removed the children from Missouri to the State of New York. The motion to modify custody which is the basis for this appeal was, according to the statements in appellant's brief, filed thereafter. For his claims of trial court error, appellant contends that Missouri had been the "home state" of the children, as defined in § 452.445(4), within six months prior to filing of appellant's motion to modify. Appellant contends, therefore, that the trial court had jurisdiction, pursuant to § 452.450, to hear and determine the motion to modify custody. He further contends that the state to which respondent allegedly took the children could decline to accept jurisdiction over any custody proceeding which respondent might initiate there, by reason of that state's "counterpart to § 452.475," due to what appellant characterizes as respondent's "wrongful acts." Appellant also asserts that the trial court's failure to grant appellant's motion to modify custody was contrary to § 452.377.

In order to prevail in his claims that the trial court had jurisdiction over the children of the parties for purposes of hearing and determining the motion to modify custody, appellant was required to prove the factual allegations on which jurisdiction was dependent. "There is no presumption to establish jurisdiction." *State ex rel. Laws v. Higgins,* 734 S.W.2d 274, 277 (Mo.App. 1987). "The burden of proof to establish a prima facie basis of jurisdiction is upon the one asserting that jurisdiction." *Id.* "It is appellant's responsibility to file the transcript and to prepare a legal file so that the record on appeal contains all the evidence necessary for determination of questions presented to the appellate court for decision." *Delf v. Cartwright,* 651 S.W.2d 622, 624 (Mo.App.1983). Also, see Rules 81.12 and 81.18.

Here, as in *Delf,* no transcript was filed [2] nor was there an agreed statement of the case certified as the record on appeal as authorized by Rule 81.13. The evidence

---

1. References to statutes are to RSMo 1986, unless otherwise stated.

2. In addition to there being no transcript filed, the legal file was deficient in a number of respects including that it was not labeled as such and contained no cover page. Rule 81.12(a). It

presented to the trial court is not before this court. This court has nothing to review for purposes of determining whether or not the trial court erred in finding that it lacked jurisdiction over the children of the parties for purposes of hearing and determining appellant's motion to modify the prior custody order.[3] "Where no transcript is filed, evidentiary omissions will be taken as favorable to the trial court and unfavorable to the appellant." *Delf v. Cartwright, supra.* Appellant did not provide this court with evidentiary support for his claims of trial court error. The evidentiary basis upon which the trial court reached its decision was not provided. The judgment of the trial court is affirmed.

FLANIGAN, C.J., and SHRUM, J., concur.

was not in chronological order. *Id.* It contained no index. Rule 81.14(b).

3. The trial court's docket sheet and a judgment it originally entered and later set aside recited that evidence was presented. That is in keeping with the requirement that, in order for a court to entertain a motion to modify custody of minor children, evidence is required to be presented. *State ex rel. Perrella v. McGuire,* 757 S.W.2d 223, 225 (Mo.App.1988); *Riley v. Riley,* 643 S.W.2d 298, 300 (Mo.App.1982); *Fleming v. Fleming,* 562 S.W.2d 168, 170 (Mo.App.1978).