Jeanne G. **BUTTRICK,**
Petitioner–Respondent,

v.

**DIRECTOR OF REVENUE,**
Respondent–Appellant.

No. 72947.

Supreme Court of Missouri,
En Banc.

March 5, 1991.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Richard H. Sindel, Clayton, for petitioner-respondent.

HIGGINS, Judge.

The Director of Revenue appealed a trial court judgment sustaining Buttrick's petition for review and granting reinstatement of driving privileges. The Missouri Court of Appeals, Eastern District, reversed the judgment and transferred the case to this Court. The question is whether the Director's suspension of Buttrick's license was proper under section 302.304, RSMo 1986, which provides that the Director shall suspend the driver's license and driving privileges of anyone whose driving record shows eight points accumulated in eighteen months. The judgment of reinstatement is affirmed.

On December 17, 1986, Buttrick was convicted of speeding and the Director assessed two points against her driver's license. On July 6, 1987, Buttrick was again convicted of speeding and assessed two additional points.[1] Buttrick had been convicted of driving with an excessive blood alcohol content on April 14, 1986. The Department of Revenue did not receive notice of the BAC conviction until June 1989, and the assessment of six points for the 1986 excessive blood alcohol conviction was not accomplished until June 1989.

On June 19, 1989, the Missouri Driver's License Bureau mailed Buttrick a Notice of Loss of Driving Privileges. The notice informed Buttrick her license was suspended effective July 29, 1989, for thirty days because she had accumulated at least eight points within an eighteen month period. She filed a petition for review in circuit court challenging the suspension. The trial court agreed with her and ordered reinstatement of her driver's license.

Section 302.304.2 provides that the Director shall suspend the driving license and driving privileges of any person whose driving record shows eight points accumulated in eighteen months. Section 302.302 authorizes the Director to assess points after a conviction. Thus, a conviction does not count toward an accumulation of points for purposes of section 302.304 until an assessment is made as a result of the conviction. Section 302.225.1, RSMo 1986, di-

---

1. Timeliness of these two point assessments is    not in question.

**20**

rects courts to notify the Highway Patrol of convictions for moving traffic violations within fifteen days of the conviction and directs the Highway Patrol to notify the Director of the conviction within fifteen days of receipt of notice from the court. The legislature recognized that the Director is not omniscient and must be notified in order to carry out the duty of assessing points under the statutory scheme.[2] In this statutory scheme, an accumulation of points for purposes of a suspension pursuant to section 302.304.2 must refer to points assessed by the Director, not merely a conviction that could result in an assessment of points.

Buttrick was assessed two points for her December 1986 speeding conviction and two additional points for her July 1987 speeding conviction. The next assessment of points resulted from the BAC conviction and the assessment was not made until June 1989. More than eighteen months elapsed between her last assessment of points for speeding and the assessment of six points for the BAC conviction. As a result, Buttrick never accumulated eight points within an eighteen month period as required for suspension pursuant to section 302.304.

The judgment of reinstatement is affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, COVINGTON and HOLSTEIN, JJ., and FENNER, Special Judge, concur.

BILLINGS, J., not sitting.

---

**2.** This intention is subject to frustration when the reporting requirements of the courts and the Missouri State Highway Patrol are not executed within the prescribed limits.