**Younely J. PADGETT, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, Defendant–Appellant.**

No. 18206.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 23, 1992.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant-appellant.

Matthew R. Shetley, Crow, Reynolds & Preyer, Kennett, for plaintiff-respondent.

FLANIGAN, Judge.

On January 21, 1992, the Director of Revenue, appellant, mailed to Younely J. Padgett, respondent, a document entitled "Notice of Loss of Driving Privilege," Form 104. The notice informed Padgett that his privilege to operate a motor vehicle in Missouri was suspended for 30 days, effective February 29, 1992, for the following reason: "8 or more points being obtained within an 18 month period." On February 19, 1992, pursuant to § 302.311,[1] Padgett filed an appeal of the director's decision in the Circuit Court of Dunklin County. The trial court, after an evidentiary hearing, found the director's order of suspension to be in error, vacated the order, and restored Padgett's driving privilege. The director appeals.

The director's sole point is that the trial court erred in setting aside the director's suspension of Padgett's driving privilege because the suspension was proper in that Padgett had accumulated, within an 18–month period, nine points, of which three were for an Illinois conviction for speeding and two for an Arkansas conviction for speeding, and the director was required to assess the points as of the dates he received the notices of conviction, not the dates the convictions were entered in the other states.

At the evidentiary hearing the trial court received into evidence Padgett's driving record. Padgett testified that the record was "a true and accurate transcription" of his driving record. The driving record reflects several violations over the years, between 1978 and July 28, 1990, when Padgett's license was revoked. On October 25, 1991, Padgett's license was reinstated by the director and his "points assessed" were reduced to four points. None of the entries on the driving record on or prior to

---

1. All references to statutes are to RSMo 1986, V.A.M.S.

October 25, 1991, mentions an Illinois or Arkansas conviction for speeding.

On November 21, 1991, the director received notice of the Illinois conviction and assessed three points. On January 15, 1992, the director received notice of the Arkansas conviction and assessed two points. These points, added to the other four, totaled the nine points on which the suspension mentioned in the January 21, 1992, notice was based.

Padgett's position, in the trial court and as respondent here, is that the two out-state convictions were entered by the respective out-state courts prior to October 25, 1991, the date of the reinstatement order, and thus could not be used by the director. That position is unsound and the trial court erred in accepting it.

Section 302.160 reads, in pertinent part:

*When the director of revenue receives notice* of a conviction in another state ... which, if committed in this state, would result in the assessment of points, *he is authorized to assess* the points and suspend or revoke the operating privilege when the accumulated points *so require* as provided in section 302.304. (Emphasis added.)

In *Buttrick v. Director of Revenue,* 804 S.W.2d 19, 20 (Mo. banc 1991), the court said:

Section 302.304.2 provides that the Director shall suspend the driving license and driving privileges of any person whose driving record shows eight points accumulated in eighteen months. Section 302.302 authorizes the Director to assess points after a conviction. Thus, a conviction does not count toward an accumulation of points for purposes of section 302.304 until an assessment is made as a result of the conviction.... The legislature recognized that the Director is not omniscient and must be notified in order to carry out the duty of assessing points under the statutory scheme. In this statutory scheme, an accumulation of points for purposes of a suspension pursuant to section 302.304.2 must refer to points assessed by the Director, not merely a conviction that could result in an assessment of points.

The director, properly, assessed points for the two out-state convictions only after he had received notices of them. Each of the two notices was received after the date of the order of reinstatement. The fact, if it be a fact, that each of the two convictions was entered in the out-state court prior to the reinstatement order is of no moment.

The judgment is reversed.

MONTGOMERY, P.J., and PREWITT, J., concur.