Michael P. OWENS,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Defendant/Appellant.

No. 63735.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 30, 1993.

**880**

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant, appellant.

James Dailey Wahl, St. Louis, for petitioner, respondent.

REINHARD, Judge.

Director of Revenue (Director) appeals from a trial court judgment ordering her to amend petitioner's driving record. We reverse and remand.

The only documents in the sparse legal file pertinent to this appeal are petitioner's "Application for Review" and the court's order. In his application for review, petitioner alleged that on or about November 9, 1992, he received notice that his driver's license was to be revoked for one year, effective December 17, 1992, for a D.W.I. conviction on November 2, 1992, in St. Louis County. Petitioner alleged that the date of conviction reflected on the notice was incorrect, as his conviction was on July 30, 1992, rather than November 2, 1992.

In his "Application for Review", petitioner argued that "[t]o allow the Director of Reve-

nue to wait until December 17, 1992, to begin [petitioner]'s one (1) year revocation would in effect extend his one (1) year revocation an additional four and one-half (4½) months." In his prayer for relief, he asked the court "to order the Director of Revenue to begin the one (1) year revocation of Petitioner's driving privileges effective July 30, 1992 and end the same effective the same July 30, 1993 to conform with the Court Order and conviction of July 30, 1992."

On February 22, 1993, the court entered the following order:

> Case called, Parties argued legal positions, Court finds that a delay in assessing points from [July 30, 1992] to [November 2, 1992] is unreasonable. Court orders Director of Revenue to amend Petitioner's driving record to assess the conviction and [one] year revocation effective on [July 30, 1992], and not [November 2, 1992].

■ On appeal, Director contends the court erred in ordering the date of revocation changed to the date of conviction, which she concedes is July 30, 1992. Petitioner's principal contention on appeal is that the convicting court did not comply with § 302.225.2, RSMo Supp.1992, which states:

> Whenever any person is convicted of any offense or series of offenses for which § 302.010–302.340 makes mandatory the suspension or revocation of the license ... *the circuit court in which such conviction is had shall require the surrender to it of all licenses, then held by the person so convicted, and the court shall within 10 days thereafter forward the same, together with a record of the conviction, to the director of revenue.* (Emphasis added).

Petitioner argues that the ten day forwarding requirement of § 302.225.2 is mandatory.[1] We held otherwise in *Kersting v. Director of Revenue*, 792 S.W.2d 651 (Mo.App. 1990), finding the language to be directory and not mandatory. In *Buttrick v. Director of Revenue*, 804 S.W.2d 19 (Mo. banc 1991),

---

1. There is no indication in the record, nor any allegation in petitioner's "Application for Review", as to when the Director received petitioner's record of conviction.

our supreme court appears to have followed this interpretation, as did the Southern District of this court in *Padgett v. Director of Revenue,* 841 S.W.2d 777 (Mo.App.S.D.1992).

 The assessment of points does not occur on the date of conviction. *Buttrick,* 804 S.W.2d at 19. The Director cannot assess points until she receives notice of the conviction. "The director, properly, assessed points ... only after [director] had received notice of them." *Padgett,* 841 S.W.2d at 778. The trial court erred in ordering the Director to amend the effective date of revocation to the date of conviction.

The trial court judgment is reversed and remanded. The court shall hold an evidentiary hearing and enter an order consistent with this opinion and the cases of *Buttrick, Kersting,* and *Padgett.*

GARY M. GAERTNER, C.J., and CRIST, J., concur.