**Theodora A. SYDNOR, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 48114.**

Missouri Court of Appeals, Western District.

Feb. 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1994.

Application to Transfer Denied June 21, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Karl L. Madden, Jr., Moberly, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and ELLIS, JJ.

2. Defendant's motion to dismiss the State's appeal is denied.

ELLIS, Judge.

The Director of Revenue (Director) appeals the trial court's ruling that Theodora A. Sydnor's driver's license was improperly revoked for failing to submit to a chemical test, and restoring to Sydnor her privilege to operate a motor vehicle. We affirm.

Sydnor was arrested on January 18, 1993, and allegedly failed to submit to a chemical test. The Director issued a notice of loss of driving privilege, revoking Sydnor's license for one year. Sydnor filed a Petition for Review in the Circuit Court of Randolph County, Missouri. The Director was properly served and filed a Motion to Dissolve Stay Order and to Dismiss Petition for Lack of Subject Matter Jurisdiction. This Motion was never called up for hearing, argued or ruled. On June 15, 1993, a hearing was held, the assistant prosecuting attorney for Randolph County appeared, and stipulated that Sydnor had not refused the chemical test. At the conclusion of this hearing, the court entered its order setting aside the revocation, and restored to Sydnor her driving privilege.

■ On appeal, the Director claims Sydnor did not file her Petition for Review within the thirty-day-time limit provided by § 302.311, RSMo 1986. The Director contends, therefore, the trial court lacked subject matter jurisdiction. *Randles v. Schaffner*, 485 S.W.2d 1 (Mo.1972).

■ The Director correctly states that subject matter jurisdiction may be raised for the first time on appeal. *Ferguson v. Director of Revenue*, 783 S.W.2d 132, 133 (Mo. App.1989). However, it is essential for this court to have all the evidence necessary to determine the question presented. It was the Director's "responsibility to file the transcript and to prepare a legal file so that the record on appeal contains all the evidence necessary for determination of questions presented to the appellate court for decision. Rule 81.12. Where no transcript is filed, evidentiary omissions will be taken as favorable to the trial court and unfavorable to the appellant." *Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo.App.1983).

The facts of this case, and the circumstances on appeal, are almost identical to those in *Henning v. Director of Revenue*, 790 S.W.2d 513 (Mo.App.1990). There, the Director sent Henning a notice of revocation of his license for one year for failure to submit to a chemical test. He filed a Petition for Review and, after hearing, the trial court ruled that Henning's license was improperly revoked and ordered it restored to him. The Director appealed, claiming Henning had not filed his Petition within thirty days of the notice and that the trial court lacked subject matter jurisdiction. On appeal, the Director failed to file a transcript of the trial court's hearing. A Legal File was provided, and a copy of the notice of revocation allegedly sent to Henning with an affidavit of authenticity was submitted.

In its opinion, the court noted that the Director was responsible for filing a transcript and legal file containing all evidence necessary to determine the question presented. In affirming the trial court's decision, the court held that the record preserved nothing for review, that the alleged notice had not been offered at trial and was therefore not part of the record on appeal, and that an appellate court will not condemn the trial court for error on a matter for which there is a "complete lack of exhibits, evidence or testimony." *Id.* at 514.

In this case, the Director failed to file a transcript. The legal file contains no evidence that Sydnor filed her Petition beyond the time allowed. There were no findings of fact or conclusions of law made by the trial court. We have no way of knowing what evidence or testimony was adduced below, other than the stipulation that Sydnor had not refused a chemical test. Thus, "any evidentiary omissions will be presumed to support the trial court's decision." *Id.*

■ The Director asserts notice was mailed to Sydnor on February 2, 1993, and points to a copy of a notice which was attached, as an exhibit, to the Motion to Dismiss originally filed by the Director in the trial court. It is argued that this is evidence of the notice and its date. However, the Motion to Dismiss was never called up for hearing, argued or ruled. When the Director failed to proceed with the Motion to

Dismiss, it was abandoned. *Rice v. James,* 844 S.W.2d 64, 65 (Mo.App.1992). Furthermore, "[e]xhibits not offered at trial ... are not properly part of the record on appeal. As far as our review is concerned, these documents do not exist." *Henning,* 790 S.W.2d at 514 (Citations omitted).

The Director "'cannot charge the trial court with error on an issue which died for complete lack of exhibits, evidence or testimony.'" *Id.* at 514 (quoting *Delf,* 651 S.W.2d at 624). *Henning* is controlling and, just as in *Henning,* the record on appeal in this case preserves nothing for review.

Judgment affirmed.

All concur.