**Donna Jean THOMAS, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. WD 47920.

Missouri Court of Appeals, Western District.

Feb. 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1994.

Application to Transfer Denied May 26, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Garry Lee Helm, Independence, for respondent.

Before BERREY, C.J., P.J., and KENNEDY and ELLIS, JJ.

ELLIS, Judge.

The Director of Revenue appeals an order setting aside revocation of Donna Jean Thomas' driver's license. Ms. Thomas had sought circuit court review of her revocation

for excessive point accumulation under § 302.304.6, RSMo Supp.1992.

The order is affirmed.

On February 29, 1992, Ms. Thomas was arrested and issued two traffic tickets. One ticket charged her with driving while intoxicated; the other charged her with careless and imprudent driving. On October 27, 1992, Ms. Thomas pleaded guilty to both DWI and C & I. On December 16, 1992, the Director assessed twelve points against Ms. Thomas for the DWI conviction. As a result of accumulating twelve points in twelve months, Ms. Thomas' driving privileges were revoked for 145 days. That revocation period coincided with an earlier administrative revocation resulting from the DWI arrest.[1] Both the point revocation and the administrative revocation were effective until May 4, 1993. Later, on March 2, 1993, the Director assessed an additional two points against Ms. Thomas for the C & I conviction. Consequently, Ms. Thomas faced another revocation for accumulating twelve points in twelve months. Her driver's license was revoked for another year effective until March 1, 1994.

Ms. Thomas challenged the March 2 revocation in circuit court asserting that both convictions resulted from the same arrest and from guilty pleas on the same date, and that the points for both convictions should have been assessed on the same date. Had the points been assessed simultaneously on December 16, 1992, Ms. Thomas would have faced only one revocation for excessive points, and would have been eligible for reinstatement on May 4, 1993, not March 1, 1994. After a hearing, at which the Director presented no evidence, the trial court entered its order declaring the March 2, 1993 revocation "void, null and of no effect."

█ Since this was a court tried case, our standard of review is that established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). On appeal, the Director argues the court erred because she must assess points after receiving notice of conviction. The Director cites *Buttrick v. Director of Revenue*, 804 S.W.2d 19 (Mo. banc 1991), for the proposition that points are to be assessed pursuant to § 302.302 RSMo 1986, upon receipt of notice of a conviction. She asserts the points for the C & I guilty plea were assessed on

March 2, 1993, and therefore, the second twelve month revocation of March 2, 1993 was proper. The Director also relies on *Padgett v. Director of Revenue*, 841 S.W.2d 777 (Mo.App.1992), as supporting her position.

In that case, Padgett was notified by the Director that his license was being suspended for thirty days because of accumulation of eight points within 18 months. Padgett's driving record revealed several violations between 1978 and July 28, 1990 when his license was revoked. On October 25, 1991, Padgett's license was reinstated and his "points assessed" were reduced to four points. On November 15, 1991, the director received notice of an Illinois conviction and assessed three points, and on January 15, 1992, notice of an Arkansas conviction was received and two points were assessed, resulting in nine points as of the date of the notice of suspension.

Padgett argued that the two out-state convictions occurred before the October 25, 1991 reinstatement and could not be used against him. In rejecting this argument, the Southern District of this court noted that § 302.-160 provides that "[w]hen the director ... receives notice of a conviction in another state ... he is authorized to assess the points." *Id.* at 778 (italics deleted). It then cited *Buttrick* for the proposition that points are assessed when the Director receives notice, and therefore, reversed the trial court, and reinstated the suspension.

*Padgett* is readily distinguishable from this case in that the points assessed by the Director resulted from two separate convictions, from two separate courts, in two different states. In addition, § 302.160 authorizes the Director to assess points when notice of the out-state conviction is received. More importantly, there was apparently a sufficient record upon which to reach decision.

There is nothing in the record on appeal to establish when the Director received notice of the C & I guilty plea. The Director presented no evidence at trial. A copy of the "Notice of Loss of Driving Privilege" of March 2, 1993, declares that the points for the C & I guilty plea of October 27, 1992, were assessed on March 2, 1993. From the record, we know not when the Director re-

---

1. Under § 302.525.4, RSMo Supp.1992, two alcohol-related revocations arising out of the same occurrence shall not exceed the longer revocation period.

ceived the notice. However, it is apparent from the record that the Director doesn't necessarily assess points at the time notice of conviction is received. A copy of the "Notice of Loss of Driving Privilege" effective December 11, 1992 reveals that the revocation was "assessed" on December 11, 1992, while the points for the DWI guilty plea weren't assessed until **five days later, on December 16, 1992.** In other words, the points for which Ms. Thomas' license was revoked in the first revocation action were assessed on her driving record five days after her license was revoked because of those points.

Since there is nothing in the record from which we can ascertain when the Director received the notice of the C & I conviction, it is impossible for us to make a determination as to when the points should have been assessed. All evidentiary omissions in the record on appeal are presumed to support the trial court's decision. *Henning v. Director of Revenue,* 790 S.W.2d 513, 514 (Mo.App.1990). We will not convict a trial court of error when there is no evidence in the record from which to substantiate an appellant's claim. *Delf v. Cartwright,* 651 S.W.2d 622, 624 (Mo.App.1983). The Director failed to preserve anything for review.

Judgment Affirmed.

All concur.