**Charles Herman PENN,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

**No. 70607.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 21, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Missouri Department of Revenue, Jefferson City, for respondent/appellant.

Charles Herman Penn, Mineral Point, pro se.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

Director of Revenue (Director) appeals from the judgment of the circuit court setting aside the revocation of petitioner's driving privileges. We reverse and remand.

■ The record reveals petitioner was convicted of speeding in St. Francois County, Missouri, on September 28, 1992. The Director assessed three points for that conviction on March 11, 1993. On December 10, 1992, petitioner was convicted of a stop sign violation in Illinois, resulting in the assessment of one point on April 22, 1993. On June 28, 1993, petitioner was convicted of speeding in Texas, and three points were assessed on February 15, 1994. On April 1, 1994, petitioner was convicted of speeding in Greene County, Missouri. Consequently, three points were assessed on June 23, 1994. Eighteen months and four days elapsed between the first and last convictions, and fifteen months and twelve days elapsed between the first and last assessment of points.

The Director notified petitioner his license would be suspended for sixty days[1] beginning August 7, 1994, for accumulation of eight points within eighteen months. § 302.304, RSMo 1994.[2] The circuit court subsequently granted petitioner's petition for review and ordered the revocation to be rescinded. The court explained:

> [T]he accumulation of 8 points within an eighteen month period was due to unreasonable and unconscionable delays in the reporting of Petitioner's convictions by the courts and/or the entering of the convictions by the Department of Revenue....

On appeal, Director contends the trial court erred in setting aside the revocation because the Director "was required to assess points and institute suspension actions as of the date she received the notice of conviction, not the date the conviction was rendered."

■ Section 302.304.2 provides the Director shall suspend the driving privileges of any person who accumulates eight points in eighteen months. A conviction does not count toward an accumulation of points for purposes of § 302.304 until the Director makes an assessment of points. *Buttrick v. Director of Revenue*, 804 S.W.2d 19 (Mo. banc 1991).[3]

The legislature recognized the Director must be notified in order to carry out the duty of assessing points. *Id.* at 20. In this statutory scheme, an accumulation of points for purposes of a suspension pursuant to § 302.304.2 must refer to points assessed by the Director, not merely a conviction that could result in an assessment of points. *Id.*

■ The record is clear. Petitioner accumulated eight points within eighteen months because the Director properly assessed points for the two out-of-state convictions only after she had received notice of them. *See Padgett v. Director of Revenue*, 841 S.W.2d 777, 778 (Mo.App. S.D.1992). Under § 302.304, the Director was required to revoke petitioner's driving privileges and had no discretion in carrying out the legislative mandate. *See Kersting v. Director of Revenue*, 792 S.W.2d 651, 653 (Mo.App.1990). Because the Director had no discretion, a reviewing court also has no discretion. *Id.* Therefore, we reverse and remand with direction to reinstate the Director's revocation of petitioner's driving privileges.

Judgment reversed and remanded.

---

1. Petitioner had previously received a thirty day suspension; thus, he was subject to a sixty day suspension. § 302.304.3(2).

2. All statutory citations are RSMo 1994.

3. The legislature amended § 302.304 in 1996 and directed points to be accumulated on the date of conviction.