**Bobby Lee JENNINGS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 74400.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 23, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, MO, for appellant.

Steven W. Van Matre, Mexico, MO, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Director of Revenue (Director) appeals from the judgment of the circuit court setting aside the revocation of Bobby Lee Jennings' (Driver) driving privilege. We reverse and remand.

The record reveals Driver was convicted of failure to keep right on April 3, 1995, and accumulated two points. On February 21, 1996, Driver was convicted of leaving the scene of an accident and accumulated twelve points. On March 12, 1996, Driver was convicted of speeding and accumulated two points.

Director was not informed of the conviction for leaving the scene of an accident until January 16, 1998. On January 20, 1998, Director mailed a Loss of Driving Privilege Notice notifying Driver his driving privilege would be revoked for one year beginning February 18, 1998, for accumulation of more than twelve points within twelve months. Section 302.304, RSMo Supp.1997 [1].

Driver appealed Director's decision and the circuit court subsequently granted Driver's petition for review and ordered the revocation to be rescinded. The court explained:

> [A]fter due consideration the Court finds that: (1) the action by the Director to revoke [Driver's] license is contrary to Missouri statutes and unlawful; and (2) the Notice of Loss of Driving Privilege sent by the Director dated January 20, 1998 is unlawful and void.

On appeal, Director contends the circuit court erred in setting aside the revocation because the revocation "was required under section 302.304.7, RSMo Supp.1997, in that [Driver] accumulated more than twelve points in twelve months and his driving privilege was still subject to revocation when the Director received notice of the conviction and issued the revocation."

The circuit court's decision will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evi-

---

1. All further statutory references are to RSMo Supp.1997 unless otherwise indicated.

dence, it erroneously declares the law or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 302.304.7 provides, in part, that the "[t]he director shall revoke the license and driving privilege of any person when the person's driving record shows such person has accumulated twelve points in twelve months or eighteen points in twenty-four months or twenty-four points in thirty-six months." Section 302.304.2 further provides:

> In an action to suspend or revoke a license or driving privilege under this section points *shall be accumulated on the date of conviction.* No case file of any conviction for a driving violation for which points may be assessed pursuant to section 302.302 may be closed until such time as a copy of the record of such conviction is forwarded to the department of revenue. (Emphasis added.) [2]

In *Buttrick v. Director of Revenue,* 804 S.W.2d 19 (Mo. banc 1991), the Supreme Court interpreted Section 302.304, RSMo 1986, to mean an accumulation of points for purposes of a suspension pursuant to Section 302.304.2 must refer to points assessed by the Director, not merely a conviction that could result in an assessment of points. In *Buttrick,* the driver was convicted of speeding on December 17, 1986, and the Director assessed two points against driver's license. *Id.* at 19. On July 6, 1987, the driver was again convicted of speeding and assessed two additional points. *Id.* The driver had been convicted of driving with an excessive blood alcohol content on April 14, 1986. *Id.* The Department of Revenue did not receive notice of the excessive blood alcohol conviction until June 1989, and the assessment of the six points for the conviction was not accomplished until June 1989. *Id.* On June 19, 1989, the Missouri Driver's License Bureau mailed the driver a Notice of Loss of Driving Privileges. *Id.* The notice informed the driv-

er her license was suspended effective July 29, 1989, for thirty days because she had accumulated at least eight points within an eighteen-month period. *Id.* The Court held a conviction does not count toward an accumulation of points for purposes of Section 302.304, RSMo 1986, until an assessment is made as a result of the conviction. *Id.*

The specific holding of *Buttrick* has been overturned by the 1996 amendment to Section 302.304.2, which provides for the accumulation of points on the date of conviction.[3] However, the amendment has no bearing on the effective date of the revocation or suspension. Although the specific holding of *Buttrick* has been overturned, the same reasoning concerning when Director receives notice of a conviction still applies. As noted in *Buttrick,* Director is not omniscient and must be notified in order to carry out the duty of assessing points and determining the imposition of a revocation or suspension. *Id.* at 20. Here, Director did not become aware that Driver had accumulated sixteen points during a twelve-month period between April 1995 and March 1996 until January 1998. Director correctly imposed a one-year revocation of Driver's driving privilege pursuant to Section 302.304. Director could not impose a revocation until notified of the conviction. Although the points accumulated on the date of conviction, Director could not impose a revocation until she was informed of the conviction for leaving the scene of accident. A revocation does not occur automatically, but must be imposed by Director. Section 302.304. Therefore, Driver's driving privilege was still subject to revocation when Director received notice of the February 1996 conviction.

Driver argues the circuit court was correct in setting aside the revocation in that the notice was unlawful and void in violation of Section 302.304.2 because it used the date of assessment rather than the date of con-

---

**2.** Before Section 302.304.2 was amended in 1996, courts had interpreted the statute so that points were not assessed until the Director received notice of the conviction. *See Buttrick v. Director of Revenue,* 804 S.W.2d 19 (Mo. banc 1991); *Kersting v. Director of Revenue,* 792 S.W.2d 651 (Mo.App. E.D.1990); *Owens v. Director of Revenue,* 865 S.W.2d 879 (Mo.App. E.D.

1993); *Penn v. Director of Revenue,* 937 S.W.2d 407 (Mo.App. E.D.1997).

**3.** Section 302.304 was amended to provide certainty concerning the discrepancy between when points were accumulated and when points were assessed by Director.

viction. The notice sent by Director listed the following convictions: 01/16/1998 Leaving Scene of Accident 12 points, 04/20/1995 Failure to Keep Right 2 points, and 03/26/1996 Speeding 2 points. The dates listed in Director's notice corresponded to the date Director entered the conviction into the computer rather than the actual date of conviction. The circuit court found that Director's notice to be unlawful and void.

Section 302.304.2 does not set forth the requirements for the content of the notice. Director gave notice in accordance with Section 302.311, RSMo 1994, by informing Driver of the thirty-day period in which to appeal the decision. Although the dates do not reflect the actual date of conviction, the record shows no confusion as to the convictions Director was referring. Nothing in Chapter 302 requires more. Therefore, the circuit court erred in finding the notice unlawful and void.

Driver also contends he has already served his one-year revocation period because he ceased driving upon advice of counsel following the conviction on February 21, 1996, for leaving the scene of an accident until Driver received notice from the Department of Revenue on June 4, 1997, advising him he was reinstated on a failure to maintain proof of insurance suspension. However, Driver's action was simply voluntary because only Director can impose a revocation. Section 302.304. In addition, Driver never took any of the procedural steps to surrender or reinstate his license. Section 302.304.9 requires any person whose driving privilege has been revoked or suspended to surrender his license to Director. There is nothing in the record that indicates Driver surrendered his license to Director. Furthermore, before being reinstated after a revocation, a driver must pay a twenty-dollar reinstatement fee pursuant to Section 302.304.12 and apply for a new license pursuant to Section 302.309.2, RSMo 1994.

Driver further argues he had driven for a year without a conviction and was entitled to a point reduction under Section 302.306.1, RSMo 1994, which provides that after "the first full year of operation without conviction for a moving violation, the total accumulated point value charged against an operator shall be reduced by one-third." Driver does not disagree that Section 302.304.11 applied during the period of February 21, 1996 to June 4, 1997. Section 302.304.11 provides that "[n]o credit toward the reduction of points shall be given during periods of suspension or revocation...." Between June 24, 1996 and June 4, 1997, Driver's driving privilege was suspended for failure to maintain proof of insurance. However, Driver argues his point total was reduced by one-third when he had no convictions between June 4, 1997 and June 4, 1998. We disagree with Driver's reasoning. Director sent Driver's Loss of Driving Privilege Notice on January 20, 1998, informing Driver that his driving privilege would be revoked effective February 18, 1998. Thus, Driver failed to have one full year of operation by the time Director issued the January 20, 1998 notice revoking Driver's driving privilege.

Section 302.304.7 required Director to revoke Driver's driving privilege. Director had no discretion in carrying out this statutory mandate. *Kersting v. Director of Revenue*, 792 S.W.2d 651, 653 (Mo.App. E.D.1990); *Penn v. Director of Revenue*, 937 S.W.2d 407, 408 (Mo.App. E.D.1997). Here, because Director had no discretion, a reviewing court also has no discretion; therefore, we reverse and remand with direction to reinstate Director's revocation of Driver's driving privilege.

Judgment reversed and cause remanded.

KAROHL, J., and HOFF, J., concur.