**Ryan T. KELLER, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 75529.

Missouri Court of Appeals, Eastern District, Division Three.

June 29, 1999.

W. Bevis Schock, St. Louis, for appellant.

Evan Joseph Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE and LAWRENCE E. MOONEY, JJ.

### MEMORANDUM DECISION

PER CURIAM.

Ryan Keller ("Appellant") appeals the trial court's judgment sustaining the suspension of his driver's license by the Director of Revenue ("Director"). Appellant argues that suspension of his driver's license attributable to an accumulation of points should begin as of the date of his conviction rather than on the date the Director, having been informed of the conviction, adds points to the Appellant's driving record. Appellant contends that he had already served the majority of his thirty-day suspension of driving privileges, because he had already refrained from driving for twenty four days by the time the Director notified him that his driving privileges would be suspended.

The trial court's decision will be affirmed unless it is unsupported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court correctly applied the law in this case. In *Jennings v. Director of Revenue*, 986 S.W.2d 513 (Mo.App. E.D.1999), this court explicitly rejected the Appellant's argument. This court held in *Jennings* that because the Director could not impose a revocation until she was informed of the conviction, and because only the Director can impose a revocation, the driver's privilege is subject to revocation only when the Director receives notice of the conviction. *Id.* at 514. The court also held that a driver's decision not to drive after the conviction "was simply voluntary because only the director can impose a revocation."

*Id.* at 515. Appellant does not raise any meritorious reason why this court should reconsider *Jennings*.

An opinion reciting the detailed facts and restating principles of law would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).