**James Mark ROHLMAN, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 94078.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 26, 2010.

---

1. Plaintiff does not appeal the summary judgment entered on his claim for injurious false-hood.

Chris Koster, 'Jefferson City, MO, for appellant.

Todd Muchnick, Clayton, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

The Director of Revenue of the State of Missouri ("Director") appeals from the judgment of the trial court that ordered the Director to remove a sixty-day suspension from the driving record of James M. Rohlman ("Driver"). We reverse and remand.

On April 14, 2009, Director notified Driver that his driving privilege would be suspended for thirty days, beginning on May 15, 2009, based on Driver's accumulation of points on his driving record. Driver had convictions for speeding on the following dates: February 7, 2008, in St. Louis County, Missouri; November 21, 2008, in Kansas; and March 11, 2009, in Iowa. The notification of April 14, 2009, informed Driver that his driving privilege would be suspended for thirty days effective May 15, 2009, with Driver to be eligible to be reinstated on June 14, 2009. The purpose of the delay between the Director sending the notice and the effective date of suspension is to permit drivers to appeal the decision to suspend to the circuit court. On May 4, 2009, Driver was convicted of another speeding violation in Iowa ("2nd Iowa conviction"), which would warrant the Director to assess three points against Driver's license. On May 15, 2009, Driver's thirty-day suspension of his license went into effect. On May 22, 2009, the Director received notification from Iowa of Driver's 2nd Iowa conviction, assessed three points on Driver's license, and on June 2, 2009, the Director sent Driver notice that his license was to be suspended for sixty days for point accumulation. Driver timely appealed this second suspension.

The hearing took place on September 22, 2009. The only evidence entered into the record was Exhibit A, which consisted of Driver's driving record showing his convictions for speeding, and the letters to Driver from Director regarding the initial thirty-day suspension and the second sixty-day suspension of his license. The Commissioner found that the points from Driver's second Iowa speeding conviction were improperly assessed as to date of occurrence and the number of suspensions, and ordered the sixty-day suspension to be removed from Driver's record. The Commissioner's findings were approved by the trial court on October 22, 2009. Director now appeals from this judgment.

This Court will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). If the evidence is uncontro-

verted or admitted, so that the issues are purely questions of law, then there is no need to defer to the judgment of the trial court. *Id.*

██ In her sole point relied on, the Director contends that the trial court erred in reversing Driver's second suspension because it misapplied the law in that the Director properly assessed three points and a second suspension upon receiving notice of Driver's 2nd Iowa conviction.

Section 302.304.2 RSMo 2000[1] states that

> In an action to suspend or revoke a license or driving privilege under this section points shall be accumulated on the date of conviction. No case file of any conviction for a driving violation for which points may be assessed pursuant to section 302.302 may be closed until such time as a copy of the record of such conviction is forwarded to the department of revenue.

This particular subsection of the statute, which provides that points are accumulated on the date of conviction, was amended by the legislature in 1996 to overturn the holding in *Buttrick v. Director of Revenue,* 804 S.W.2d 19 (Mo. banc 1991). *See Jennings v. Director of Revenue,* 986 S.W.2d 513, 514 (Mo.App.1999). In *Buttrick,* 804 S.W.2d at 20, the Missouri Supreme Court had interpreted section 302.304 RSMo 1986 to mean "an accumulation of points for purposes of a suspension pursuant to Section 304.302.2 must refer to points assessed by the Director, not merely a conviction that could result in an assessment of points." The 1996 amendment made it clear that points accumulated when a driver was convicted of a violation, and was a legislative effort to give some certainty regarding the discrepancy between when

points were accumulated and when points were assessed by the Director. *Jennings,* 986 S.W.2d at 514, n. 3.

Section 302.160 provides that:

> When the director of revenue receives notice of a conviction in another state or from a federal court, which, if committed in this state, would result in the assessment of points, the director is authorized to assess the points and suspend or revoke the operating privilege when the accumulated points so require as provided in section 302.304.

Section 302.160, unlike section 302.304.2, was not amended following the decision in *Buttrick.* Under this statute, the Director is not authorized to assess points until she receives notice of the conviction in another state or from a federal court. In the present case, notice of Driver's 2nd Iowa conviction was not received by the Director until May 22, 2009. The Director could not assess points until that date; it was impossible for her to assess points against Driver's Missouri license on the date of the second Iowa conviction.

██ Section 302.304.3 provides that the Director "shall suspend the license and driving privileges" of anyone whose driving record shows an accumulation of eight points within eighteen months. The Director has no discretion not to suspend the driving privileges when the accumulated point total reaches the statutory amount. *See Brown v. Director of Revenue,* 97 S.W.3d 82, 83 (Mo.App.2002).

The Director could not assess points against Driver's license for the 2nd Iowa conviction prior to receiving notice thereof, which he did not receive until May 22, 2009, after Driver's initial suspension was in effect. Having assessed three points against Driver's license on or after May 22, 2009, Director was obligated by statute

1. Unless noted otherwise, all further statutory citations are to RSMo 2000.

to check the accumulation of points against Driver's license. The accumulation of points totaled more than eight points within eighteen months, and Director was statutorily obligated to suspend Driver's license a second time, as the initial suspension that went into effect on May 15, 2009, was still operative. The trial court misapplied the law when it found that Director had improperly assessed points and the number of suspensions, and in ordering that the second suspension of sixty days be removed from Driver's record. Point sustained.[2]

The judgment of the trial court is reversed and remanded.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.

2. We are cognizant that the interplay between section 302.304.2, section 302.160, and section 320.304.3 appears to raise some of the discrepancy between the accumulation of points and the assessment of points that the legislature sought to eliminate by amending section 302.304.2 in 1996. However, the plain language of section 302.160 is controlling as to when Director is authorized to assess points on convictions from another state or in federal court. Eliminating those potential anomalies is not within the purview of this Court in this case, but rather would appear to be a matter for the legislature.