

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112380 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 22SL-CR07039 |
| | ) | |
| TOMMIE L. MCDOWELL, | ) | Honorable Stanley J. Wallach |
| | ) | |
| Appellant. | ) | Filed: May 27, 2025 |

## Introduction

A jury found Appellant Tommie McDowell guilty of two counts of child molestation in the first degree. In a single point on appeal, Appellant challenges the purported exclusion of Appellant's expert witness during the trial. Because we find no evidence in the record that Appellant called an expert witness or that the circuit court excluded Appellant's expert, there can be no evident, obvious, and clear error. Thus, we affirm the circuit court's judgment.

## Background

On August 23, 2015, Victim, who was four years old at the time, was taken to her aunt's house by her mother. Appellant, Victim's cousin, lived in the home and was present on that day. When Victim's mother returned to take her home that evening, Victim told her mother that Appellant pulled her into his room and "made her sit on his lap." Victim further stated that sitting on Appellant's lap hurt, and that she did not like it.

1

Victim's parents immediately took her to the hospital. At the hospital, a sexual assault nurse examiner interviewed Victim and performed a physical examination. Victim's clothes were placed in a bag to be used in the ensuing investigation and were analyzed by a DNA lab for the detection of fluids on the clothing. Without prompting, Victim disclosed additional details of the assault to the nurse examiner, including that Appellant's penis and mouth touched her vagina and bottom. The nurse examiner testified that Victim's disclosures were consistent throughout the interview and examination.

The examination revealed trauma to Victim's rectal area. A DNA swab of the rectal area showed the presence of Victim's DNA and the DNA of another person, although there was insufficient genetic information to identify the other person. Victim's underwear was determined to have male DNA present. Appellant provided a sample of his DNA during the investigation, which matched the sample of male DNA on Victim's clothing.

Appellant was charged with two counts of child molestation in the first degree. At trial, the State introduced expert testimony about the DNA evidence. However, the defense never called a DNA expert to testify. The jury found Appellant guilty as charged. This appeal follows.

**Discussion**

In his sole point on appeal, Appellant argues that the circuit court plainly erred when it excluded Appellant's DNA expert witness. Appellant asserts that the exclusion of the witness deprived him of evidence that would be exculpatory, in that the expert's testimony would have explained why Appellant's DNA would be present on Victim's clothing but not present on her body, and as such the exclusion was evident, obvious, and clear error resulting in a manifest injustice. Appellant concedes that his claim is unpreserved and requests that this court undertake plain error review of his point on appeal.

This Court does not generally review unpreserved claims of error. *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020). Rule 30.20 provides an exception allowing that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *Id.* (quoting Rule 30.20). Rule 30.20 makes clear that plain error review is a discretionary, two-step process. *See State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022*)*. The first step is to determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009). Plain errors are those that are evident, obvious, and clear. *Id.* In the absence of such a determination, an appellate court should decline to review for plain error. *See Brandolese*, 601 S.W.3d at 526. If plain error is found on the face of the claim, then the court may proceed to the second step to determine whether the claimed error resulted in manifest injustice or miscarriage of justice. *See Baumruk*, 280 S.W.3d at 607. "To show manifest injustice or a miscarriage of justice, a defendant must demonstrate outcome-determinative error." *State v. Vitale*, 688 S.W.3d 740, 746 (Mo. E.D. App. 2024).

"We will not convict a trial court of error when there is no evidence in the record from which to substantiate an appellant's claim." *Thomas v. Dir. of Revenue*, 874 S.W.2d 427, 429 (Mo. App. W.D. 1994). In this case, Appellant's claim of error rests on the exclusion of his expert witness at trial. However, we can find nothing in the trial record showing the defense called the expert witness, that the State objected to the expert witness, or that the circuit court excluded the expert witness. In fact, a review of the record does not reveal a discussion of such expert witness during trial. While the defense did file the expert witness's curriculum vitae prior to the trial and later alleged in the motion for new trial that the expert witness would have

3

testified about the DNA evidence, these actions before and after trial are insufficient to show that the defense attempted to call the witness during trial or that the circuit court explicitly excluded the expert witness. *See State v. Lavender*, 680 S.W.3d 119, 134 (Mo. App. S.D. 2023) ("[appellant]'s failure to raise the issue until after the verdict coupled with the lack of anything in the record that would indicate a request was ever made ultimately dooms his claim."). Therefore, we find that Appellant's claim is "doomed" and there can be no evident, obvious, and clear error. Since there was no "plain error affecting substantial rights," we decline to undertake the second step of plain error review. *State v. Hunt*, 451 S.W.3d 251, 260 (Mo. banc 2014). Point denied.

## Conclusion

For the reasons set forth above, the judgment is affirmed.

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.