Kirk P. **BOREN**, Petitioner/Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI**, Respondent/Appellant.

No. 71156.

Missouri Court of Appeals,
Eastern District,
Division One.

April 8, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Missouri Department of Revenue, Jefferson City, for appellant.

Michael J. McAvoy, McAvoy & Bahn, L.C., Fenton, for respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals from the judgment reinstating petitioner's driving privileges. We reverse and remand.

Pursuant to the procedures set forth in §§ 302.500–302.540, RSMo 1994,[1] the Di-

---

1. All statutory references are RSMo 1994.

rector suspended petitioner's driving privileges following her determination that petitioner was arrested upon probable cause to believe he was driving a motor vehicle with a blood alcohol concentration (BAC) of .10% or more. *See* § 302.505.1. The Director sustained this suspension after an administrative appeal. Petitioner petitioned for a trial de novo with the circuit court as permitted by § 302.535, and the court reversed the order of suspension.

At the trial de novo, Officer Norman Mizell, a member of the St. Louis County Police Department, testified that on November 23, 1995, he observed a black Ford Ranger veer onto the shoulder of a street two times. Officer Mizell stopped the truck and asked the driver, petitioner, for his driver's license. Officer Mizell smelled "an odor of alcoholic beverage on [petitioner's] breath," and asked him to perform some field sobriety tests. Defendant performed three tests unsatisfactorily and told Officer Mizell that he had been drinking. He admitted that he had "had too many" and "was glad he got caught."

Officer Judy Harris, an intake officer for the St. Louis County Police Department, testified, without objection, that petitioner's breathalyzer test revealed a blood alcohol concentration (BAC) of .175%. The printed breathalyzer test results and the maintenance report for the breathalyzer machine were admitted into evidence over petitioner's objections.

Following the trial de novo, the court found that petitioner did not have a BAC of .10% or more and reinstated his driving privileges.

On appeal, Director argues that the suspension was proper because uncontroverted evidence showed that petitioner's BAC equaled or exceeded .10%.

Our review is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Oughton v. Director of Revenue*, 916 S.W.2d 462, 464 (Mo.App. E.D.1996). We must affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.

*Murphy*, 536 S.W.2d at 32. A suspension of driving privileges pursuant to § 302.505.1 requires a two-part showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol-related offense; and (2) that the driver had been driving at a time when his or her BAC was at least .10%. *Covington v. Director of Revenue*, 903 S.W.2d 673, 674–75 (Mo.App. E.D.1995). These showings must be made by a preponderance of the evidence. *Id.* at 675.

Petitioner argues that the court's finding that petitioner's BAC did not equal or exceed .10% is a finding of fact entitled to deference on appeal. This argument was rejected in *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995) and *Covington*, 903 S.W.2d at 675–76. As in *Reinert* and *Covington*, the evidence of petitioner's BAC was uncontroverted and properly admitted at trial. Thus, we must reverse the judgment of the trial court and remand for the trial court to enter a judgment reinstating petitioner's suspension.

Reversed and remanded.

DOWD, P.J., and GARY M. GAERTNER, J., concur.