Timothy Thompson OLIVO,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Respondent/Appellant.

No. 71943.

Missouri Court of Appeals,
Eastern District,
Division Six.

Aug. 26, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent/appellant.

Gael D. Wood, James W. McGettigan, Jr., Eckelkamp, Eckelkamp, Wood & Kuenzel, Washington, for petitioner/respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals from the judgment reinstating petitioner's driving privileges. We reverse and remand.

The record reveals that on the morning of June 25, 1995, petitioner was stopped after he was observed traveling through an intersection in reverse. The arresting officer testified that petitioner's eyes were glassy, his breath smelled of intoxicants, and his speech was slurred. After informing the officer that he had consumed "11 or 12 beers," petitioner was asked to exit the vehicle. His walk was described as "swaying and unsure," and petitioner refused to take the "walk and turn" sobriety test because he was afraid "he would fall on his face." Petitioner failed three other field sobriety tests, after which he was arrested. At the police station, the Implied Consent Law and his *Miranda*[1] rights were read to petitioner. The results of petitioner's breathalyzer test showed his blood alcohol content to be .187%.

Petitioner was not personally served with notice of the revocation of his license while still in the custody of the arresting officer as provided in section 302.520.1, RSMo 1994.[2] The officer further failed to forward the verified report of petitioner's arrest to the De-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. All statutory citations are to RSMo 1994.

partment of Revenue until April 8, 1996.[3] Upon receipt of the report, the Director mailed petitioner a "Notice of Suspension/Revocation."[4] Due to a prior alcohol-related suspension, petitioner's license was revoked for one year, effective April 28, 1996. This license revocation was sustained after an administrative hearing. On December 5, 1996, a trial de novo was held, and the trial court reinstated petitioner's license "based upon the nine month delay in the Washington Police Department forwarding to the Department of Revenue the verified report required by Section 302.510.1 . . . ."

On appeal, the Director argues that the initial revocation of petitioner's license was proper because "the evidence showed that [petitioner] was arrested upon probable cause . . ., and [petitioner] suffered no prejudice by the delay in the imposition of the revocation due to the delay in the arrest record being forwarded." We agree.

■ We must affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Boren v. Director of Revenue*, 943 S.W.2d 336, 337 (Mo.App. E.D. 1997). A suspension or revocation of driving privileges pursuant to section 302.505.1 requires a two-part showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcoholrelated offense; and (2) that the driver had been driving at a time when his or her BAC was at least .10%. *Id.* These showings must be made by a preponderance of the evidence. *Id.*

■ The Suspension and Revocation Administrative Procedure Act, sections 302.500–302.541, provides that notice of a license suspension or revocation may be served in two different manners. If the chemical results of the petitioner's blood alcohol content are available while he is still in custody, section 302.520 states that the arresting officer shall personally serve the petitioner with notice of the suspension or revocation of his license. Alternately, section 302.515 states that if the petitioner was not personally served by the arresting officer while still in custody, the Director shall mail such notice to the petitioner. In this case, although petitioner was still in custody at the time the chemical results were available, we find no error in the arresting officer's failure to serve petitioner with notice of the revocation of his license. *See Tuggle v. Director of Revenue*, 727 S.W.2d 168, 171 (Mo.App. W.D.1987) (the purpose of mandatory language in section 302.520 is to eliminate discretion in determination of whether suspension or revocation is appropriate). We are left, then, to decide the question of whether a nine month delay between the underlying arrest and the service of notice may support a license revocation.

■ We have consistently held that "a driver's license is not a vested right, but merely a privilege." *Taylor v. Director of Revenue*, 861 S.W.2d 134, 135 (Mo.App. E.D. 1993). Following his arrest, petitioner enjoyed the full use of this privilege until the revocation of his license became effective nine months later. After his license was revoked petitioner was granted a full post-deprivation hearing, as provided by statute. *See Jarvis v. Director of Revenue*, 804 S.W.2d 22, 24 (Mo. banc 1991).

Petitioner claims that he was prejudiced because a witness' memory could have faded during the nine month delay. At the trial de novo, however, petitioner offered no witnesses on his own behalf. The evidence presented on behalf of the Director, the accuracy of which was not challenged, consisted of the arresting officer's testimony; Exhibit A, a copy of the City of Washington's driving while intoxicated ordinance; and Exhibit B, which contained, *inter alia*, the arresting officer's police report, the Alcohol Influence Report, the breathalyzer printout, and the maintenance report for the breathalyzer machine. The non-testimonial evidence standing alone was sufficient to support the revo-

---

**3.** Section 302.510.1 states that the arresting officer "shall forward to the [Department of Revenue] a verified report of all information relevant to the enforcement action."

**4.** Section 302.515.1 provides for mailed notice of the suspension or revocation if the arresting officer did not personally serve the petitioner.

cation of petitioner's license. *See Hensley v. Director of Revenue*, 884 S.W.2d 419, 420 (Mo.App. E.D.1994).

In a similar case, the Western District found that a two day delay in the service of notice of revocation was not prejudicial to the petitioner. *Tuggle*, 727 S.W.2d at 171. In so finding, the *Tuggle* court stated:

> [t]he issuance, suspension and revocation of driver's licenses by the Department of Revenue are administrative functions flowing from the police power of the state to regulate driving in the interest of public welfare and safety. [citations omitted]. The overriding purpose of the administrative driver's license proceedings is to protect the public from drunk drivers.

*Id.* In this case the delay did not prejudice petitioner, nor did it invalidate the propriety of his revocation. *See id.*

The evidence adduced at trial clearly demonstrated that (1) petitioner was arrested for an alcohol-related offense, and (2) his BAC was .187%. The trial court erroneously held that the nine month delay between petitioner's arrest and the service of notice of revocation of his license prejudiced petitioner.

Judgment reversed and remanded.

KAROHL and DOWD, JJ., concur.