**John Robert WHITWORTH, Respondent,**

v.

**DIRECTOR OF REVENUE STATE OF MISSOURI, Appellant.**

No. 71741

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 23, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Gael D. Wood, James W. McGettigan, Jr., Eckelkamp, Kckelkamp, Wood & Kuenzel, Washington, for respondent.

CRANE, Presiding Judge.

Director of Revenue (Director) appeals from the circuit court judgment setting aside the suspension of petitioner's driving privileges after a trial *de novo*. We reverse.

Pursuant to the administrative procedures set out in Sections 302.500–302.540 RSMo,[1] Director suspended petitioner's driving privileges following a determination that petitioner was arrested upon probable cause to believe he was driving a motor vehicle while his blood alcohol concentration (BAC) was .10 percent or more. *See* Section 302.505. Director subsequently sustained the suspension after an administrative appeal. Petitioner requested a trial *de novo* with the circuit court under Section 302.535.

On October 21, 1996, the case was called for trial and the written records of the Director were entered into evidence. Director's documents submitted to the court consisted of the following: (1) arresting officer's Alcohol Influence Report; (2) arresting officer's narrative on petitioner's December 31, 1995 arrest and the record of arrest; (3) citations for DWI and failure to keep to the right one-half of the roadway; (4) BAC Verifier maintenance report dated December 12,

---

1. All statutory references are to RSMo 1994 un-   less otherwise indicated.

1995; (5) BAC Verifier test printout showing petitioner's BAC to be .126 percent by weight; (6) affidavit of the records custodian of the Missouri Department of Revenue. The records also contained various notices sent to petitioner in conjunction with the license suspension and administrative hearing. The Director's records were entered into evidence without contest and neither party presented additional evidence.

Petitioner argued that he was prejudiced by his arresting officer's delay in forwarding a report of the arrest to the Director under Section 302.510. Petitioner further claimed he was prejudiced by the arresting officer's failure to immediately notify him of the license suspension under Section 302.520.

After taking the matter under advisement, the trial court entered the following judgment:

> Cause called. Petitioner appears in person and by counsel. Respondent appears by counsel. Evidence adduced and the cause is submitted to the Court. Now on this date, based upon the evidence adduced and the argument of counsel: IT IS THE ORDER OF THIS COURT that Judgment be entered in favor of Plaintiff based upon the three and one-half month delay in the Washington Police Department forwarding to the Department of Revenue the verified report required by Section 302.510.1 RSMo.1993.

■ At the trial *de novo,* the Director had the burden of proving, by a preponderance of the evidence, that (1) the arresting officer had probable cause to arrest the driver for driving while intoxicated; and (2) at the time of the arrest, the BAC was .10 percent or greater. *Jurgiel v. Director of Revenue*, 937 S.W.2d 397, 398 (Mo.App.1997); *Walker v. Director of Revenue*, 922 S.W.2d 57, 58 (Mo.App.1996)(citing *Buckley v. Director of Revenue*, 864 S.W.2d 394, 395 (Mo.App. 1993)). The uncontroverted evidence presented to the trial court was sufficient to prove that the arresting officer had probable cause and that petitioner's BAC exceeded .10 percent.

The arresting officer's report supported a finding that petitioner was arrested on probable cause. On December 31, 1995 at ap-proximately 0200, a Washington, Missouri patrolman began following a vehicle after he observed it tailgating. The officer observed the vehicle veer across the road's double yellow line and return to the proper lane. The officer stopped the vehicle for the lane violation and, after viewing the occupant's drivers' license, identified the petitioner as driver. Upon speaking with petitioner, the officer noticed a heavy odor of intoxicants on his breath. The officer observed petitioner's eyes were red and watery. When petitioner stepped out of his car he was unsteady on his feet and admitted drinking two beers. The officer performed a field sobriety test and, based on his observations, arrested petitioner for driving while intoxicated.

The arresting officer's report presented sufficient evidence that, at the time of petitioner's arrest, his BAC was .10 percent or greater. After placing petitioner under arrest, petitioner was taken to the police station where a breath test was performed. The arresting officer's alcohol influence report indicated that petitioner's blood alcohol content was .126 percent. This evidence was uncontroverted and was sufficient to meet the Director's burden of proof.

■ The trial court set aside petitioner's license suspension based on procedural delay under Section 302.510.1. Following petitioner's arrest, the arresting officer did not immediately send to the Department of Revenue a verified report of all information relevant to the arrest as directed under Section 302.510.1. The statute does not set out a time by which the report must be sent. It provides in relevant part:

> 1. Except as provided in subsection 3 of this section, a law enforcement officer who arrests any person for a violation of ... a county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense, and in which the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight, *shall forward to the department a verified report of all information relevant to the enforcement action,* including information which adequately identifies the arrested

person, a statement of the officer's grounds for belief that the person violated section 577.010 or 577.012, RSMo, or a county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense, a report of the results of any chemical tests which were conducted, and a copy of the citation and complaint filed with the court.

Section 302.510.1. (Emphasis added)

The arresting officer delayed forwarding his report until March 16, 1996 at the direction of the Washington City Prosecutor who was concerned that an administrative license suspension might preclude criminal proceedings under the rule against double jeopardy. In February, 1996 the Missouri Supreme Court decided *State v. Mayo*, 915 S.W.2d 758 (Mo. banc 1996), which held that revocation of driving privileges was free of the punitive criminal element for purposes of double jeopardy analysis. *Id.* at 762. On March 16, 1996, 76 days after petitioner's arrest, the arresting officer forwarded his verified report of the arrest to the Department of Revenue in accordance with Section 302.510.1.

At the trial *de novo*, petitioner offered no evidence that the delayed reporting was out of the ordinary and presented no evidence that he was actually prejudiced by the delay. Because the arresting officer complied with Section 302.510.1 and because no evidence was adduced showing actual prejudice, the trial court erroneously applied the law in ruling in petitioner's favor.

The trial court's order reinstating petitioner's driving privileges is reversed. Director's order suspending the driver's license is reinstated for a period to be determined by the Department of Revenue in accordance with Section 302.525.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.