Jason C. WEBB, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

Nos. WD 59332, WD 59346.

Missouri Court of Appeals, Western District.

March 26, 2002.

Bruce B. Brown, Kearney, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Patricia D. Perkins, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before SMITH, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

Jason Webb ("Appellant") appeals from the circuit court's judgment following his

petition for review of the Director of Revenue's ("Director") suspension of his driver's license. We reverse and remand.

## Facts

On September 5, 1999, Appellant, who is under the age of twenty-one, was driving a vehicle in Harrison County, Missouri, when he was pulled over by Trooper Jeff Noack for a traffic violation. Trooper Noack subsequently arrested Appellant, seized his license, and transported him to the Harrison County jail. Trooper Noack requested that Appellant submit to a chemical breath test, and Appellant agreed to do so. The test showed that Appellant's breath had a blood alcohol content of .086%. Trooper Noack then issued Appellant a traffic citation for failure to drive on the right half of the roadway, returned his license to him, and released him from custody. Appellant maintains that he received nothing further, such as a notice of suspension, from Trooper Noack.

On September 20, 1999, after receiving records from Trooper Noack, the Director suspended Appellant's driver's license. Although Appellant again maintains that he received no notice of the suspension/revocation from the Director, on October 4, 1999, his attorney requested his driving record, which reflected the suspension. Apparently, Appellant obtained a copy of a notice of suspension/revocation from the Director the following day. On October 6, 1999, Appellant's attorney wrote a letter to the Director in which he explained that Appellant did not receive proper notice and demanded an administrative hearing. He enclosed Appellant's license and a copy of the notice Appellant had received on October 5th.

On October 8, 1999, the Director denied Appellant's request for administrative hearing, stating:

In accordance with Section 302.530 RSMo, any person who has received a Notice of Suspension/Revocation may make a request within fifteen days of receipt of the notice for a review of the Department's determination at a hearing. Inasmuch as your hearing request was not postmarked prior to the effective date of suspension/revocation, the request has been denied.

Your driving privilege was suspended/revoked on SEPTEMBER 20, 1999.

Thus, on October 18, 1999, Appellant filed a Petition for Review under section 302.311.[1] Appellant filed a Petition for Review in both Harrison County, which was the county of arrest, and Daviess County, which was the county of his residence. The case was subsequently heard in Daviess County on August 18, 2000. On November 7, 2000, the Daviess County court issued a judgment in favor of the Director, upholding the suspension of Appellant's license. Two days later, the Harrison County judge granted Director's motion to dismiss the petition for review filed there. Appellant subsequently filed timely notices of appeal in both cases, which were consolidated on appeal.

## Point I

Appellant's first point on appeal is not in compliance with Missouri Rule of Civil Procedure 84.04(d) (2001), which details the contents of a proper point on appeal. His Point I reads as follows:

Although the Director did not file a motion to dismiss Appellant's petition for review in Daviess County for lack of subject matter jurisdiction as the Director did in Harrison County, the venue

---

1. Unless otherwise noted, statutory references are to RSMo 1994.

for the filing of a petition for review involves a subject matter jurisdictional issue. Neither the Appellant nor the Director can consent to or waive jurisdiction when this type of issue exists, and it is a matter which is always subject to review, even *sua sponte* by the trial or appellate court. Because the petitions for review herein are filed under Mo.Rev.Stat. section 302.311, which provides for the petition to be filed in the county of the petitioner's residence, and because the scope of the trial court's review should generally be limited to a records review, Appellant would suggest that venue and jurisdiction is in the county of residence.

In order for a point on appeal to present an issue for appellate review it must comply with requirements of Rule 84.04(d)(1), which follow:

A) identify the trial court ruling or action that the appellant challenges;

B) state concisely the legal reasons for the appellant's claim of reversible error; and

C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The text of Rule 84.04(d)(1) also provides a form that the point shall substantially follow. Appellant's Point I does not conform to these requirements.

Appellant acknowledges that his Point I does not conform to this Rule, but he alleges that the non-conformance is due to the peculiar circumstances of his issue. For example, he does not allege that the trial court erred because he agrees with Director that venue was proper in Daviess County, which is where the judgment was issued. Nonetheless, Appellant's counsel wishes for this court to address a venue issue on which he perceives a split of authority between the Eastern and Southern

Districts of the Missouri Court of Appeals. Because proper venue is not an issue in this case, even if a split of authority exists, the issue is not properly before this court. Even if this court were to exercise our discretion and address Appellant's first point on appeal, *ex gratia*, such review would result in this court rendering an advisory opinion, which we cannot and will not do. *See Local 781 Int'l Ass'n of Fire Fighters v. City of Independence,* 947 S.W.2d 456, 461 (Mo.App. W.D.1997) (addressing the ripeness of respondent's constitutional challenge to an ordinance).

Point I is denied.

## Point II

■ In his second point on appeal, Appellant alleges that the trial court erred in entering its judgment sustaining the Director's suspension of his driver's license because Appellant did not receive proper notice of the suspension from Trooper Noack or from the Director.

■ Appellant filed his petition for review of the suspension of his driver's license pursuant to section 302.311, under which "[t]his court reviews the judgment of the circuit court rather than the Director's decision." *Justis v. Wilson,* 18 S.W.3d 606, 609 (Mo.App. W.D.2000). We will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).

Our legislature crafted an orderly process to review a driver's challenge of a license suspension. *See* §§ 302.500–302.545. If timely requested, the Director must first deal with the challenge administratively. If dissatisfied, a driver may then seek redress in the circuit court. A driver may not bypass the administrative

remedies and go directly to court. Neither may the Director withhold applicable remedies and force the driver to first initiate his challenge in the courts. Notice of suspension to the driver plays a crucial role in the process.

As previously noted, the Director suspended Appellant's license under section 302.505 and denied his request for an administrative hearing, stating that "[i]n accordance with Section 302.530 RSMo, *any person who has received a Notice of Suspension/Revocation* may make a request within fifteen days *of receipt of the notice* for a review of the Department's determination at a hearing." (Emphasis added.) Apparently, the Director assumed that Appellant received notice of the suspension/revocation from Trooper Noack on September 5, 1999, so, on September 20, 1999, the Director suspended Appellant's license. However, the Notice of Suspension/Revocation, filled out by Trooper Noack on the day of the arrest, clearly reflects the trooper's failure to take possession of Appellant's license, which he is *required to do when serving the notice* as well as his failure to obtain Appellant's signature on the form. § 302.520 RSMo Cum.Supp.1999. The notice states that the signature is intended to show the licensee's acknowledgment of the "receipt of this notice from the arresting officer." Regardless, the circuit court upheld the suspension.

■■■ The importance the legislature places on notice to the driver is obvious. Missouri's Suspension and Revocation Administrative Procedure Act, sections 302.500 through 302.545, provides for two distinct and successive methods of providing adequate notice of suspension of driver's licenses. *Robinson v. Dir. of Revenue*, 32 S.W.3d 148, 150–51 (Mo.App. S.D. 2000); *Olivo v. Dir. of Revenue*, 950 S.W.2d 327, 328 (Mo.App. E.D.1997). Section 302.520 sets forth the procedure requiring an arresting officer to personally serve the notice of suspension on the arrested person while he or she is still in custody. Section 302.515 provides that the department shall issue a notice of suspension "[i]f the department determines that the person is subject to license suspension or revocation, and if notice of suspension or revocation *has not already been served upon the person by the enforcement officer as required in section 302.520.*" (Emphasis added.) Both section 302.515 and section 302.520 dictate that the notice served thereunder set forth the person's right to request a hearing. The right to request an administrative hearing "is granted '[a]ny person who has received a notice of suspension or revocation.'" *Robinson*, 32 S.W.3d at 151 (quoting § 302.530.1 RSMo Cum.Supp.1999). A license suspension "shall become effective fifteen days *after* the subject person has received notice of suspension or revocation as provided in section 302.520, or is deemed to have received the notice of suspension or revocation by mail as provided in section 302.515." § 302.525.1 (emphasis added). *"If no notice was given, there was no suspension."* *Robinson*, 32 S.W.3d at 151 (emphasis added). That being said, we turn to the circuit court's judgment. Appellant asserts as he did below that he did not receive adequate notice, and, therefore, his suspension was invalid. The Director denies the assertion. Whether or not Appellant received the adequate notice under section 302.520 or section 302.515 is a question of fact to be determined by the circuit court. However, in its judgment, the court found only that:

[B]ased upon a preponderance of the evidence [Appellant], while less than twenty-one (21) years of age, was stopped upon probable cause to believe [Appellant] was in violation of 577.010 or 577.012 RSMo. or upon probable cause

to believe [Appellant] violated a state, county, or municipal traffic offense, and [Appellant] was driving with a blood alcohol content of .02% or more by weight, but less than .10% or more by weight.

THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that the suspension or revocation of [Appellant]'s driver's license is authorized and required by Sections 302.500 through 302.541, RSMo 1994 and RSMo Supp. 1999.

There was no finding concerning notice. Again, without notice, there is no suspension. *Robinson*, 32 S.W.3d at 151. Thus, we reverse the judgment of the Circuit Court of Daviess County and remand to allow for the court to make a finding concerning notice and to proceed further in accordance with this opinion.

SMITH, P.J., and HOLLIGER, J., concur.