Jason L. SUMPTER, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 60257.

Missouri Court of Appeals,
Western District.

June 28, 2002.

Keith D. Halcomb, Jefferson City, for appellant.

Donald L. Crow, Kansas City, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, EDWIN H. SMITH, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Judge.

The Missouri Director of Revenue ("the Director") appeals the judgment of the Circuit Court of Bates County reinstating the driving privileges of Jason L. Sumpter.

Sumpter was convicted of three offenses which led to an accumulation of twenty-six points against his driver's license. He was convicted on July 12, 1999, of second-degree assault of a law enforcement officer and first-degree tampering. For each conviction, Sumpter accumulated twelve points against his driver's license. Sump-

ter had also accumulated two points against his driver's license for a June 23, 1999, conviction for failure to produce proof of insurance.

The Director notified Sumpter in a letter dated March 14, 2001, that his license was being revoked based on a twelve-point felony conviction and a two-point conviction for failure to produce insurance identification. The letter did not mention the second twelve-point conviction. The revocation was set to begin on April 15, 2001.

Sumpter appealed the Director's decision to the Bates County Circuit Court. The Director filed an answer to Sumpter's petition on May 21, 2001. In her answer, the Director stated that on the date of the March notice, Sumpter actually had seventeen points against his license. The Director reasoned that twenty-six points had accumulated against Sumpter from the three convictions, but noted that Sumpter was entitled to a one-third reduction in points pursuant to § 302.306.1 [1] because he was not convicted of any point assessable offenses from July 12, 1999, to July 12, 2000. Evidence was presented on June 6, 2001. On June 8, 2001, the trial judge entered a judgment ordering the Director to reinstate Sumpter's driving privileges. This appeal follows.

In her only point on appeal, the Director argues that the trial court erred in reinstating Sumpter's driving privileges because Sumpter had been assessed more than twelve points against his driver's license in a twelve-month period. The Director further contends that § 302.304.7 is not discretionary and requires her to revoke Sumpter's driving privileges.

■ When a driver appeals the circuit court's judgment in a license revocation case, this Court reviews the circuit court's judgment; not the Director's decision.

*Justis v. Wilson,* 18 S.W.3d 606, 609 (Mo. App. W.D.2000); *Campbell v. Dir. of Revenue,* 953 S.W.2d 184, 185 (Mo.App. W.D. 1997). We will affirm the circuit court's judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law." *Klinger v. Dir. of Revenue,* 898 S.W.2d 149, 149 (Mo. App. E.D.1995).

■ The Director argues that § 302.304.7 allows her no discretion from revoking the driving privileges of a driver who has accumulated twelve points in twelve months. Section 302.304.7 states in relevant part: "The director shall revoke the license and driving privilege of any person when the person's driving record shows such person has accumulated twelve points in twelve months or eighteen points in twenty-four months or twenty-four points in thirty-six months." *See Justis,* 18 S.W.3d at 610. The Director is correct in her assertion. "The statutes grant the Director no discretion from revoking the driving privileges where the accumulation of points meets the statutory amount." *James v. Director of Revenue,* 893 S.W.2d 406, 407 (Mo.App.1995). When the Director revokes a driver's privileges due to point accumulation, the Director is performing a "ministerial act" directed by the legislature. *Justis,* 18 S.W.3d at 610.

■ The circuit court's discretion is also limited by § 302.304. *Id.* "When the Director presents evidence that a driver has accumulated twelve points in twelve months, the court is compelled to follow the mandate of the statute to revoke the driver's license and cannot exercise its discretion to fashion any other remedy." *Id.* At the same time, "[t]he court only has the power to sustain the revocation if the Di-

1. All statutory references are to RSMo 2000 unless otherwise noted.

rector meets his burden of proof by proving that the driver accumulated twelve points in twelve months." *Id.*

The trial court set aside the Director's decision because of the "unreasonable" delay between the time Sumpter was convicted of the offenses and the time that the Director revoked his driving privileges. The trial court's judgment states, *inter alia:*

> There has been no explanation why the accumulation is not shown as of the date of conviction and thus the point revocation to be effective as of that date or near that date.
>
> The Court finds the delay in notification of the Plaintiff by the Director of Revenue of revocation of the driving privilege to be within a time which is unreasonable and much beyond any time period anticipated by the law, whether such was due to the failure of the Court to notify or of the Department to timely act to a timely notification.

■ The Director argues that the trial court erred in imposing a timeliness re-

quirement. She claims that the law does not require her to show that she revoked Sumpter's driving privileges soon after the convictions. Rather, she claims that notice to the Director is what triggers a license revocation, not the conviction itself.

■ When a driver is convicted of a point assessable offense, points automatically accumulate against the driver's license. *See* § 302.304.2; *Jennings v. Dir. of Revenue,* 986 S.W.2d 513, 514 (Mo.App. E.D.1999). Section 302.304.2 was amended in 1996 to explicitly state that in a proceeding to revoke a driver's license, "points shall be accumulated on the date of conviction." [2] *Id.* While accumulation is automatic, however, a person cannot lose their driving privileges until the Director receives notice of their convictions and assesses points against their license. *Jennings,* 986 S.W.2d at 514. Section 302.304.7 provides that the director must revoke a person's driving privileges when their driving record indicates they have accumulated twelve points in twelve

---

**2.** The amendment has no bearing whatsoever on the effective date of a revocation. *Jennings v. Dir. of Revenue,* 986 S.W.2d 513, 514 (Mo.App. E.D.1999). The amendment was apparently in response to the holding in *Buttrick v. Dir. of Revenue,* 804 S.W.2d 19 (Mo. banc 1991), which held that a conviction did not count toward an accumulation of points until an assessment was made. In *Buttrick,* the driver had been convicted of three offenses for a total of ten points, meaning that the Director was required to suspend the driver's privileges pursuant to § 302.304.3, which requires the Director to suspend a driver's privileges when the driver accumulates eight points in eighteen months. *Id.* On December 17, 1986, Buttrick was convicted of speeding and assessed two points. *Id.* On July 6, 1987, she was convicted of speeding and assessed two additional points. *Id.* On April 14, 1986, she had been convicted of driving with an excessive blood alcohol content. *Id.* The Director did not receive notice of the BAC conviction until June 1989, and, at that time,

Buttrick was finally assessed the six points. *Id.* The court determined that accumulation did not occur until the Director assessed the points. *Id.* Therefore, as a result of the three-year delay in notification of the BAC conviction, the court held that Buttrick did not accumulate ten points within eighteen months because the six points did not accumulate against Buttrick until the Director was notified of the conviction. *Id.* at 20. Accordingly, the court sustained the trial court's judgment reinstating her driving privileges. *Id.*

Under the current law, accumulation occurs at the time of conviction and a court would hold that ten points had accumulated against Buttrick's license within an eighteen-month period. Presumably, the Director would be required to revoke Buttrick's driving privileges despite the three-year delay in notification. Nevertheless, the amendment does not change the fact that revocation does not occur until the Director receives notice of a conviction and assesses points.

months. Courts have interpreted the statute to hold that assessment of points does not occur until the Director receives notice of a driver's convictions. *Id.; Owens v. Dir. of Revenue,* 865 S.W.2d 879, 881 (Mo. App. E.D.1993); *Buttrick,* 804 S.W.2d at 20. The "Director is not omniscient and must be notified in order to carry out the duty of assessing points and determining the imposition of a revocation or suspension." *Jennings,* 986 S.W.2d at 514. "Although the points accumulated on the date of conviction, Director could not impose a revocation until she was informed of the conviction." *Id.*

The distinction between "accumulation" and "assessment" of points means that a significant time lapse may occur between a conviction for a point assessable offense and a loss of driving privileges based upon such a conviction. *See Jennings,* 986 S.W.2d 513. In *Jennings,* the driver accumulated sixteen points within twelve months, between April 1995 and March 1996. *Id.* at 514. The Director, however, was not notified of the point accumulation until January 1998. *Id.* The Eastern District of this Court determined that the Director was correct to impose a one-year revocation of the driver's driving privileges upon notice of the convictions. *Id.* "Although the points accumulated on the date of conviction, Director could not impose a revocation until she was informed of the conviction." *Id.* The driver's driving privileges were still subject to revocation when the Director was notified of the conviction, despite the fact that almost two years had passed since the last conviction. *Id.*

In the case at bar, the Director could not revoke Sumpter's driving privileges until she was notified of his convictions. The trial court misapplied the law when it ruled that the Director's revocation could not be sustained because of an unreasonable delay in notification of Sumpter. As

the *Jennings* court stated, the Director cannot invoke a revocation until she receives notice of a driver's convictions. *Id.* Sumpter's driving privileges were still subject to revocation when the Director received notice of his convictions, despite the fact that more than a year-and-a-half had passed since the convictions. Accordingly, the judgment must be reversed.

■ We note that the circuit court may not sustain a revocation unless the Director meets her burden of proof by showing that the driver accumulated twelve points in twelve months. *Justis,* 18 S.W.3d at 610. In addition, as stated *supra,* the director may not revoke a driver's privileges until she receives notice of the convictions. *Jennings,* 986 S.W.2d at 514. A review of the judgment shows that the court did not determine whether the Director satisfied her burden in proving that twelve points had been assessed against Sumpter's license when he was notified on March 14, 2001, that his driving privileges would be revoked. The judgment states that the "Director argues ... that a balance of approximately seventeen points remained as of March 14, 2001." The transcript reveals that the Director arrived at this figure by adding up both twelve-point felony convictions and the two-point conviction for failure to produce proof of insurance, for a total of twenty-six points. The Director then stated that Sumpter was eligible for a one-third reduction in his total points, pursuant to § 302.306.1.

However, the judgment also states that a driving record dated March 21, 2001, showed that only one twelve-point conviction had been assessed against Sumpter. The judgment states that a driving record dated April 18, 2001, showed two twelve-point convictions had been assessed against Sumpter. After reviewing these records, the trial court concluded: "This latter cited assessment thus occurred be-

tween the dates of 3/21/01 and 4/18/01." Therefore, it is not possible that a balance of seventeen points had been assessed against Sumpter when he was notified on March 14, 2001, that his license would be revoked. It appears that only fourteen points had been assessed against Sumpter at the time of the notification, and the record seems to indicate that he would have been entitled to a reduction in points prior to notification that his privileges would be revoked. Accordingly, we must remand for further proceedings to determine whether the Director can satisfy her burden and show that twelve points had been assessed against Sumpter when he was notified on March 14, 2001, that his license would be revoked and, if so, to permit Sumpter to present any evidence that he might have.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

All concur.