**Renee M. LANE,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent/Appellant.**

**No. ED 87869.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 23, 2007.

Carl F. Kohnen, Florissant, MO, for respondent.

Cheryl Caponegro Nield, Jefferson City, MO, for appellant.

KATHIANNE KNAUP CRANE, Judge.

The Director of Revenue appeals from the trial court's judgment reinstating the driving privileges of petitioner, Renee M. Lane, after the Director suspended them pursuant to section 302.505 RSMo (2000).[1] The trial court reinstated the privileges because the arresting officer did not personally serve a notice of suspension on petitioner. We reverse and remand because the Suspension and Revocation Administrative Procedure Act, sections 302.500 through 302.541 RSMo (2000) also allows service of the notice of suspension by mail.

At 12:07 a.m. on September 6, 2005, Officer J.D. Cox of the Missouri State Highway Patrol observed a green Geo Prizm traveling erratically while southbound on Interstate 270, at Missouri 180. Officer Cox stopped the vehicle and contacted petitioner, who was the driver, and smelled the odor of alcohol coming from the interior of the vehicle. Officer Cox also noticed petitioner's eyes appeared watery and asked petitioner if she had been drinking. Petitioner admitted that she had a drink with dinner.

After petitioner performed poorly on field sobriety tests, Officer Cox arrested petitioner for operating a motor vehicle while intoxicated and transported her to the Maryland Heights Police Department. Upon arrival, Officer Cox advised petitioner of her Miranda rights and the Missouri Implied Consent Law. Petitioner agreed to submit to a chemical test of her breath to determine her blood alcohol concentration (BAC) by weight. The test indicated that petitioner's BAC was 0.095% at 1:41 A.M.

---

1. Petitioner has not filed a respondent's brief.

Officer Cox reported that he issued a "Department of Revenue Notice of Suspension/Revocation of Your Driving Privilege" to petitioner, and attached to his report copies of citations to petitioner for operating a vehicle while in an intoxicated condition and failing to drive within a single lane on roadway having three or more lanes.

Pursuant to petitioner's request, on November 8, 2005, the Department of Revenue held an administrative hearing and sustained the suspension of petitioner's license. Petitioner timely requested a trial *de novo.* Petitioner testified at the trial *de novo* that, while she was in custody, Officer Cox did not give her a citation or an administrative suspension notice, and he only gave her a temporary permit to use in place of her driver's license, which Officer Cox seized. Petitioner added that approximately two weeks later, she received the traffic citations and administrative suspension notice by mail. Petitioner's counsel argued that the Director had not met the requirements for statutory suspension because section 302.520 RSMo (2005 Supp.) required the arresting officer to personally serve petitioner with the notice of suspension. In its judgment, the trial court found that the officer had probable cause to arrest petitioner and that petitioner had a BAC of .08% or more by weight; however, it reinstated petitioner's license on the grounds that the officer did not personally serve petitioner with the notice of suspension, which, it concluded, was required by section 302.520.1. The Director appeals.

We must affirm the trial court's judgment unless substantial evidence does not support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Walker v. Dir. of Revenue,* 137 S.W.3d 444, 446 (Mo. banc 2004).

For her sole point on appeal, the Director contends that the trial court erred when it reinstated petitioner's driving privileges solely on the basis that the arresting officer did not personally serve petitioner with notice of suspension pursuant to section 302.520.1. He argues that another provision of the Act allows service by mail. We agree.

Missouri's Suspension and Revocation Administrative Procedure Act provides for "two distinct and successive methods of providing adequate notice of suspension of driver's licenses." *Webb v. Dir. of Revenue,* 71 S.W.3d 207, 210 (Mo.App.2002), citing *Robinson v. Dir. of Revenue,* 32 S.W.3d 148, 150–51 (Mo.App.2000); *Olivo v. Dir. of Revenue,* 950 S.W.2d 327, 328 (Mo.App.1997). Section 302.520.1 provides:

> Whenever the chemical test results are available to the law enforcement officer while the arrested person is still in custody, and where the results show an alcohol concentration of eight-hundredths of one percent or more by weight of alcohol in such person's blood ... the officer, acting on behalf of the department shall serve the notice of suspension or revocation personally on the arrested person.[2]

This section "sets forth the procedure requiring an arresting officer to personally serve the notice of suspension on the arrested person while he or she is still in custody." *Webb,* 71 S.W.3d at 210. Section 302.515 provides that the Department of Revenue "shall issue a notice of suspension '[i]f the department determines that the person is subject to license suspension or revocation, and if notice of suspension or revocation *has not already been served upon the person by the enforcement officer as required in section 302.520.'* (Emphasis added.)" *Id.*

**2.** This portion of section 302.520.1 was also in effect prior to the 2005 amendment.

An arresting officer's failure to personally serve notice according to section 302.520.1 is not fatal if the driver subsequently receives notice by mail, as allowed by section 302.515. *See Olivo,* 950 S.W.2d at 328. The purpose of the mandatory language in section 302.520.1 is to eliminate the element of discretion in determining whether suspension or revocation is appropriate. *Tuggle v. Dir. of Revenue,* 727 S.W.2d 168, 171 (Mo.App.1987). Section 302.515 provides an alternative method to service under section 302.520. *Olivo,* 950 S.W.2d at 328; *Tuggle,* 727 S.W.2d at 170–71. The trial court misapplied the law in concluding that service of notice by mail was insufficient.

We reverse the judgment and remand the cause to the trial court with directions to enter a judgment reinstating the suspension of petitioner's driving privileges.

ROY L. RICHTER, P.J., and SHERRI B. SULLIVAN, J., concur.