Norris LAWRENCE, Appellant,

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

No. ED 95433.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 20, 2011.

Timothy F. Devereux, Clayton, for appellant.

Chris Koster, Atty. Gen., Timothy A. Blackwell, Jefferson City, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Norris Lawrence ("Driver") appeals from the circuit court judgment sustaining the suspension of Driver's driving privileges. Driver asserts the circuit court erred in sustaining the suspension of Driver's driving privileges and declaring no statute of limitations applies to the Director of Revenue ("the Director") in imposing an administrative alcohol suspension. We affirm.

On October 23, 2007, Officer Daur Nodari, with the University City Police Department, observed Driver's vehicle failing to stop at a stop sign and turning without a turn signal. Officer Nodari pulled the vehicle over and made contact with Driver. Officer Nodari noticed a strong odor of alcohol on Driver's breath. Officer Nodari asked Driver to step out of the vehicle, and he advised Driver that he was going to administer a series of field sobriety tests. Officer Nodari asked Driver if he had been drinking, and Driver responded that he

had four or five bottles of beer at a bar in University City.

Driver could not successfully complete the field sobriety tests. Officer Nodari observed that Driver was swaying and wobbling. Officer Nodari arrested Driver and transported him to the University City police station. At the police station, Officer Nodari administered a breath test, which showed Driver's blood alcohol content ("BAC") was .128 percent.

Officer Nodari did not seize Driver's license or personally serve notice of the suspension or revocation on Driver. Officer Nodari did not send an administrative packet to the Department of Revenue ("the DOR") to begin the suspension of Driver's driving privileges. Office Nodari collected the information, including the report, and sent it to the police department's clerk division, which handles administrative paperwork.

Approximately eighteen to twenty months later, the Director notified Driver of an administrative suspension of his driving privileges. Driver timely requested an administrative hearing to contest the suspension. A DOR hearing officer sustained the suspension of Driver's driving privileges. Driver filed an application for a trial *de novo* in the circuit court.

On October 7, 2009, a trial was held before a commissioner in the circuit court. Driver argued the Director's action in suspending his driving privileges was untimely, and was barred by the statute of limitations and laches. The commissioner agreed to proceed with the trial but to accept briefing on the issue subsequent to the trial. The commissioner found that the arresting officer had probable cause to arrest Driver for driving while intoxicated or for an alcohol-related offense, and that Driver had a BAC of .08 percent or more by weight. Driver filed a motion for rehearing, which was granted.

Thereafter, the circuit court issued its judgment finding Driver was arrested upon probable cause to believe he had committed an alcohol-related offense. The circuit court further found the chemical testing of Driver's breath revealed a BAC of .08 percent or more by weight. The circuit court further found "no statute of limitations exists governing the time frame the [DOR] must impose administrative suspension/revocation actions." As a result, the circuit court sustained the suspension of Driver's driving privileges. This appeal follows.

■ In his sole point, Driver asserts the circuit court erred in sustaining the suspension of Driver's driving privileges. Driver maintains the circuit court erroneously declared and misapplied the law in finding no statute of limitations applies to the Director in imposing an administrative alcohol suspension and denying Driver's untimeliness objections. We disagree.

■ We must affirm the trial court's judgment unless substantial evidence does not support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Lane v. Director of Revenue*, 212 S.W.3d 169, 170 (Mo.App. E.D. 2007).

■ Section 302.520, RSMo Cum.Supp. 2007, provides that when chemical test results showing a BAC of .08 percent or more by weight are available to the arresting officer, he shall take possession of the arrested driver's license and personally serve notice of the suspension or revocation on the arrested driver. Officer Nodari testified that he did not take Driver's license at the time of the arrest. In addition, Officer Nodari did not personally serve Driver with notice of a suspension or revocation. However, "[a]n arresting officer's failure to personally serve notice ac-

cording to section 302.520.1 is not fatal if the driver subsequently receives notice by mail, as allowed by section 302.515." *Lane*, 212 S.W.3d at 170.

Section 302.510, RSMo Cum.Supp.2007, provides that the arresting officer shall forward to the DOR a report of all information relevant to the enforcement action. Officer Nodari did not send an administrative packet to the DOR. Officer Nodari collected the information, including the report, and sent it to the police department's clerk division, which handles administrative paperwork.

■ However, Section 302.515.1, RSMo 2000, provides that the DOR shall issue a notice of suspension or revocation, "[i]f the department determines that the person is subject to license suspension or revocation, and *if notice of suspension or revocation has not already been served upon the person by the enforcement officer as required in [S]ection 302.520."* (Emphasis added). Thus, the statutes provide two distinct and successive ways of providing adequate notice of a suspension or revocation of driving privileges: by the arresting officer or the Director. The notice of suspension or revocation shall clearly specify the reason and statutory grounds for the suspension or revocation, as well as the effective date of the suspension or revocation, and shall also contain information regarding the person's right to request a hearing. Section 302.515, RSMo 2000. Driver testified he received the notice of his administrative suspension approximately eighteen to twenty months after his arrest in 2007. Driver argues this notice was untimely.[1]

Section 302.515, RSMo 2000, does not set out a time by which the Director must send out the notice of a suspension or

revocation of driving privileges. Similarly, Section 302.510, RSMo Cum.Supp.2007, does not set out a time by which the report must be sent by the arresting officer. *See Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App. E.D.1997). In *Whitworth*, the circuit court set aside a suspension of driving privileges because the arresting officer, at the request of the prosecutor, delayed sending the report to the DOR seventy-six days after the driver's arrest. *Id.* at 144. The prosecutor was concerned that an administrative license suspension might preclude criminal proceedings under the rule against double jeopardy and was awaiting a Missouri Supreme Court decision on the issue. *Id.* On appeal, the court found Section 302.510, RSMo 1994, did not set forth a time by which the report must be sent, and the arresting officer complied with the statute. *Id.* at 143–44. Therefore, the court reversed the circuit court's reinstatement of driving privileges. *Id.* at 144.

To support his arguments, Driver cites language from the *Whitworth* case that the driver did not offer evidence that the delayed reporting was out of the ordinary or that the driver was actually prejudiced by the delay. *Id.* at 144. Driver argues the Director in *Whitworth* showed the arresting officer had good cause for delay because the prosecutor requested the delay. Driver contends the Director failed to show good cause for the delay in the present case. However, the court in *Whitworth* did not impose a requirement on the Director to show there was good cause for the delay, but rather held there is no statutory time limit for sending the report to the DOR. *Id.* As is the case here, there is no statutory time limit for sending the notice of a suspension or revocation and

---

1. Driver does not contest the circuit court's findings that there was probable cause for his arrest and that his BAC exceeded .08 percent.

there is no requirement for the Director to show good cause for any delay.

We find the case of *Sumpter v. Director of Revenue*, 88 S.W.3d 491 (Mo.App. W.D. 2002) instructive on the issue of timeliness. In *Sumpter*, the court addressed an untimeliness argument when a driver's license was revoked due to an accumulation of points. *Id.* at 492–93. In *Sumpter*, the driver's driving privileges were revoked for convictions culminating in July of 1999, and the Director notified the driver of the revocation in March of 2001. *Id.* at 493. The circuit court reinstated the driver's driving privileges due to an "unreasonable" delay between the time the driver was convicted of the offenses and the time the Director revoked the driver's driving privileges. *Id.* at 493–94. On appeal, the court noted the Director could not revoke the driver's driving privileges until she was notified of the convictions. *Id.* at 495. The court held the circuit court "misapplied the law when it ruled that the Director's revocation could not be sustained because of an unreasonable delay in the notification of [the driver]." *Id.* The court stated the driver's "driving privileges were still subject to revocation when the Director received notice of [the] convictions, despite the fact that more than a year-and-a-half had passed since the convictions. Accordingly, the judgment must be reversed." *Id.*

We also find the case of *Harper v. Director of Revenue*, 118 S.W.3d 195 (Mo. App. W.D.2003)(overruled on other grounds by *Akins v. Director of Revenue*, 303 S.W.3d 563 (Mo. banc 2010)) instructive. In *Harper*, the court again dealt with a timeliness argument in revoking a driver's driving privileges due to an accumulation of points. *Id.* at 203–04. In *Harper*, almost a year passed between the time of the driver's conviction and the time the Director notified the driver of the rev-

ocation of his driving privileges. *Id.* at 197. The driver argued the notification of the revocation was untimely, but the circuit court affirmed the Director's action. *Id.* at 197–98. On appeal, the court quoted the language from Section 302.304.1, RSMo 2000, that the Director is supposed to "notify by ordinary mail any operator of the point value charged against the operator's record when the record shows four or more points have been accumulated in a twelve month period," and stated that "the statute does not impose a time limit upon this notification." *Id.* at 204. The court rejected the driver's late notification argument and relied on *Sumpter*, noting that the notification in that case was even tardier, "[y]et the court refused to impose a timeliness requirement on the Director." *Id.*

Likewise, here we decline to impose a timeliness requirement where none exists in the statutes. Driver argues at length about the arresting officer's failure to follow the requirements of the statutes, statutory time requirements for drivers, and statutory intent to quickly remove drunk drivers from the roadways. While we agree the best practice for the Director is to handle revocations and suspensions expeditiously, Driver's arguments, however, do not change the fact that there is no time limit for the filing of a notification of a suspension or revocation of driving privileges in the statutes and the Director's obligations under the statutes.

Driver also contends this court should apply the equitable remedy of laches. However, laches does not apply in this case. *See Jennings v. Director of Revenue*, 9 S.W.3d 699 (Mo.App. S.D.1999). In *Jennings*, the driver was convicted of a second driving while intoxicated offense on March 17, 1993, and was released from prison in November of 1994. *Id.* at 699. The DOR did not receive notice of the

second conviction until April of 1997, and sent the driver a notice that his driving privileges were being revoked for five years, effective May 31, 1997. *Id.* The DOR then sent the driver a second notice in February of 1998, advising him that his driving privileges were suspended for ten years, based on the convictions in 1990 and 1993 and another conviction in 1994 of which the DOR received notice in February of 1998. *Id.* at 700. The driver claimed the Director was barred by laches, and both the circuit court and the court of appeals rejected the driver's claim. *Id.* In denying the driver's claim, the court of appeals stated:

> [The driver] has cited no Missouri case in which a state agency has been barred from enforcing its statutory duty on the basis of laches, and this court's independent research has not disclosed such a case. Early Missouri cases acknowledge the general doctrine that laches is not imputable to state government.

*Id.*

The court also noted that "[f]or laches to apply, the delay must be unreasonable and unexplained and the other party must be materially prejudiced." *Id.* The court further stated that laches cannot be invoked to thwart right or justice. *Id.* The court held that the General Assembly had established consequences for multiple convictions for driving while intoxicated, and that the driver could not invoke laches to thwart those consequences. *Id.* The court further found no affirmative misconduct on the part of the DOR and no resultant prejudice to the driver. *Id.*

Here, Driver asserts he was prejudiced because both his memory and Officer Nodari's memory were affected by the lapse of time. However, there was no showing of affirmative misconduct on the part of the Director. Driver's assertion of prejudice is not sufficient to invoke laches against the Director where there was no showing that the Director's conduct amounted to affirmative misconduct. *See Director of Revenue v. Oliphant,* 938 S.W.2d 345, 346 (Mo.App. W.D.1997)(holding a claim of equitable estoppel against a government body can only apply if the governmental conduct amounted to affirmative misconduct.)

Because there is no time set forth in the statute for notifying a driver of a suspension or revocation of driving privileges and the doctrine of laches does not apply under these circumstances, the circuit court did not err in sustaining the Director's suspension of Driver's driving privileges. Driver's point is denied.

Judgment affirmed.

MARY K. HOFF, J. and SHERRI B. SULLIVAN, J., concur.